KINNA, appellant, v. HORN et al., respondents.

PRACTICE—*verdict*—*conflicting evidence*. The verdict of a jury will not be disturbed if there is a conflict in the evidence upon the material issues in the case.

PRACTICE—*new trial*—*irregularities*. A new trial will not be granted on the ground of irregularities in the conduct of a party and his attorney during the trial, if it does not appear that the verdict was affected by the irregularities.

*Appeal from the Third District, Lewis and Clarke County.*

THIS case was before the court in January, 1871, *ante*, 329. The second trial in August, 1871, resulted in a verdict and judgment for defendant, Horn. In December, 1871, the court, WADE, J., overruled Kinna's motion for a new trial and Kinna appealed.

Kinna filed three affidavits in support of the ground of irregularities in the conduct of Horn and one of his attorneys during the trial. They set forth that Horn testified on incompetent subjects in defiance of the rulings of the court; that Horn testified that plaintiff was a "liar" and "thief," and repeated the same and other vile epithets in the presence and hearing of the jury; that Horn made use of the same epithets concerning a witness for plaintiff; and that Horn was excited and could not be controlled by the court.

They also set forth that Horn admitted that Marvin, a witness for Kinna, would testify to the facts recited in Kinna's affidavit for a continuance; that one of Horn's attorneys said to the jury in his argument that this affidavit was not the testimony of Marvin, and that he did not believe that Marvin would swear to what was contained in the affidavit for a continuance; and that one of Horn's attorneys said in the hearing and presence of the jury that certain goods had not been delivered, although the court repeatedly ruled that evidence of such facts was incompetent and irrelevant.

W. F. SANDERS, for appellant.

The record shows that appellant maintained his case by a clear preponderance of proof. This court should enforce the law, which declares those facts sufficiently proven, which are thus maintained. The verdict was against the weight of the evidence and should be set aside.

The judgment should be set aside on account of the irregularities. There will be no orderly trials if such performances as appear in this case are not visited with penalties in the form sought. This court should put an end to "sharp" efforts to win cases in defiance of law. No counter affidavits were filed by Horn, and the only proof to be heard concerning these irregularities is in the affidavits filed by Kinna.

The testimony shows that this is an extraordinary case, in which the verdict should be set aside. The court abdicates its functions if it permits the jury to act like an irresponsible mob.

SHOBER & LOWRY, and E. W. TOOLE and R. H. WILLIAMS, for respondent Horn.

Appellate courts have generally held that they would only interfere in extraordinary cases with the decisions of lower courts in relation to the weight of evidence. The appellate court will not disturb a judgment or verdict where there is a substantial conflict in the testimony and no rule of law has been violated. *Ming* v. *Truett, ante,* 322; *Lubeck* v. *Bullock,* 24 Cal. 338; *Ellis* v. *Jeans,* 26 id. 275; *Wilkinson* v. *Parrott,* 32 id. 102.

No instructions appear in the transcript, and the only question for review is this: Was the verdict warranted by the evidence?

KNOWLES, J. This cause presents but two points. There was a full traverse of the complaint of plaintiffs by the answer of the defendant Horn. Upon the material issues in the case there was a conflict of testimony. This court has repeatedly held, in accordance with the well-established

precedents of other courts, that where there is a conflict in the testimony upon the material points in issue in the cause, it cannot disturb the verdict of a jury. That it cannot invade the province of the court below and of the jury, and determine the credit to be given the witnesses, and as to whether injustice was done.

The other point is the irregularities occurring during the trial complained of in the affidavits filed by the appellants. There was no exception duly authenticated taken as to any action of the court below, or the jury. The conduct complained of is that of the defendant Horn and one of his attorneys. It does not appear in any manner that these irregularities affected the conduct of the jury, and this court cannot presume that they did. The granting of a motion for a new trial rests in the sound legal discretion of the court that tried the cause. The judge of that court was acquainted with the facts of the case and was better able to determine the effect of the irregularities specified in the affidavits of appellants than this court. And in the overruling of the motion for a new trial we can see no abuse of discretion. We find no other points presented in the case that demands our consideration.

Judgment of the court below affirmed.

*Judgment affirmed.*