200.  CITY ELECTRIC RAILWAY COMPANY. *v.* SALMON.

1. The verdict of the jury was in accordance with the law of the case as announced by the Supreme Court, on the exception to the judgment on the demurrer.
2. There was no error in refusing to grant a mistrial for the alleged improper argument of counsel.

Action for damages, from city court of Floyd county—Judge Hamilton. December 11, 1906.

Submitted February 27,—Decided March 22, 1907.

*Denny & Harris,* for plaintiff in error.

*W. S. McHenry, G. E. Maddox,* contra.

POWELL, J. 1. Many people spit when they smoke; this fact was judicially ascertained and declared by the Supreme Court in this case, as reported in 124 *Ga.* 1056; and the plaintiff is so unfortunate as to belong to this class. The allegations of his petition are summarized in the report of the case in 124 *Ga.,* supra, where the Supreme Court sustained his petition as against demurrer. The proof on the trial substantially corresponded with the case as laid in his pleadings. In order to prevent spitting on the floor he stuck his head about two inches beyond the margin of the street-car, and it was struck by a pole erected near the track, and he sustained severe injury. The jury found for him. We have no difficulty in holding that the verdict is not unauthorized.

2. Complaint is made that Mr. Maddox, counsel for the plaintiff, in his concluding argument to the jury used the following language: "The Supreme Court has decided in this very case that

if this company maintained a permanent obstruction along its lines, which was dangerous to its passengers, then it was not in the exercise of that extraordinary care which it owed to its passengers." Upon this language being used, counsel for the defendant asked the court to stop this line of argument, on the ground that it was improper; the court replied, "I know that Mr. Maddox knows the rule, and I will ask him to keep within the rule." Counsel for defendant then asked the court to rule specifically as to whether counsel for the plaintiff had the right to make such a statement to the jury; the court replied, "The jury are the judges of the facts." Counsel for the defendant then moved for a mistrial, which was denied. If counsel for the plaintiff had said simply that the Supreme Court had decided that if a street-railway company maintains a permanent obstruction along its lines, which is dangerous to its passengers, the jury are authorized to find therefrom that the company is lacking in the extraordinary care owing by them to passengers, certainly it could not be successfully contended that such argument was not legitimate. The improper element, if any, in the statement as actually made, is that it presents not only the law, but also a conclusion drawn from an application of the law to the facts. The trial judge seems to have caught this distinction; for when asked to specially rule on the propriety of the statement, he said, "The jury are the judges of the facts." The alleged improper language was not of such a character as to require a new trial, especially in a case where the verdict is so well supported by the evidence as in the case at bar.

*Judgment affirmed.*