CHARLES H. TAGGART, as Administrator, etc., of WINIFRED MARY
    TAGGART, Deceased, Appellant, v. WILLIAM J. COLLINS,
    Respondent.

Fourth Department, November 12, 1924.

Motor vehicles — action for death of child, who, while walking on State
    highway, was killed by defendant's automobile — defendant had clear
    view for one-fifth mile — defendant did not sound horn — intestate,
    with two other children, was walking in same direction — error to
    direct verdict for defendant — testimony of intestate's companions
    must be considered since question of competency was not raised
    at trial.

In an action to recover damages for the death of plaintiff's intestate, a child
    about six years of age, who, while walking on a State highway, was killed by
    defendant's automobile, it was error for the court to direct a verdict for the
    defendant, since it appears that the defendant, when he first saw the
    child and her two companions, had an unobstructed view for one-fifth of a mile
    and saw the children while covering that distance; that he did not sound his
    horn; that the automobile made no noise; that the children were walking on the
    shoulder of the road or on the edge of the macadam, and that the defendant
    made no effort to turn into the center of the road but proceeded near the edge
    of the macadam. In view of the facts stated and the conflict as to the speed
    of the car, the court should have submitted the case to the jury.

The testimony of the child's two companions, who were eight and nine years of
    age respectively, will not be disregarded by the Appellate Division, since it
    appears that they were examined as to their competency and that there was no
    objection made to their competency on the trial.

APPEAL by the plaintiff, Charles H. Taggart, as administrator,
etc., from a judgment of the Supreme Court in favor of the defend-
ant, entered in the office of the clerk of the county of Oswego on the
20th day of October, 1921, upon the verdict of a jury rendered
by direction of the court.

*Charles N. Bulger,* for the appellant.

*Howard D. Bailey,* for the respondent.

PER CURIAM:

On the afternoon of June 7, 1921, the deceased, six years and
ten months of age, was walking easterly on the southerly side of
the State highway just easterly of New Haven, Oswego county.
It was a clear, bright day. Her brother Francis, nine years of
age, and Vernon Schipper, a boy eight years of age, were walking
with her. At the time the defendant approached the point in
question driving his automobile easterly. He saw the children
as he came around a slight curve in the highway two-tenths of
a mile west of where they were. About that time they left the

macadam part of the highway. The Taggart boy went to the north side and the deceased and the Schipper boy to the south side of the highway. They continued to walk easterly with their backs to the oncoming car. The deceased walked just at the southerly edge of the macadam, the Schipper boy just to her left and by her side, or a little in advance. There was no other car in sight and the highway was free from obstruction. The macadam part of the highway was fourteen feet wide. The defendant had a clear view and saw the children all the way from the curve in the highway two-tenths of a mile west of the place of the accident in question. He drove his car within a foot or eighteen inches of the right-hand or southerly side of the macadam. The defendant did not sound his horn and the car made no noise. He did not swing his car to the north as he approached the children, but continued on a straight course near the southerly side of the highway. The deceased, who was walking on the dirt shoulder, stepped upon the macadam and almost immediately was struck by the defendant's car and died as a result of her injuries.

One witness testified that the car was going fast. One of defendant's witnesses estimated that the car was traveling, at the time of the accident, sixteen miles per hour. Neither the Taggart boy nor the Schipper boy heard the car before the accident happened.

At the close of the evidence the learned trial court directed a verdict for the defendant. We think the evidence as above stated made out a cause of action which should have been submitted to the jury. (Highway Law, § 286, subd. 8, added as subd. 2 by Laws of 1910, chap. 374, as renum. and amd. by Laws of 1918, chap. 540, and since re-enacted by Laws of 1921, chap. 580; Gen. Highway Traffic Law, § 13, subd. 2.)

The version of the accident as given by the defendant and his witnesses was entirely different. They testified that the deceased darted into the highway in front of the car just at the moment of the accident. That testimony presented a question of fact which should have been passed upon by the jury.

It is urged by the respondent that this court should not consider the testimony of the Taggart and Schipper boys. Both were sworn as witnesses and cross-examined by the respondent's counsel. No motion was made to strike out their testimony. They were examined as to their competency, after the oath had been administered. While the Taggart boy was being examined the court intimated that he was not a competent witness. The appellant's counsel asked if he might examine him further and the court consented. Counsel then proceeded with the entire examination and the question of the competency of the witness was not again

referred to. While counsel for the appellant was examining the Schipper boy as to his competency the court said: " Just let him make a statement." The examination then proceeded in the usual way by question and answer. No objection was made by the respondent's counsel. In this condition of the record we cannot disregard the testimony of those witnesses; the trial court did not pass upon their competency; the testimony is in the record and must be considered.

The judgment should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

Present — HUBBS, P. J., CLARK, DAVIS, SEARS and TAYLOR, JJ. All concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.