PIERCE, Respondent, v. SAFEWAY STORES, INC., et al., Appellants.

(No. 7,007.)

(Submitted February 27, 1933. Decided March 11, 1933.)

[20 Pac. (2d) 253.]

*Messrs. Kremer, Sanders & Kremer,* for Appellants, submitted a brief; *Mr. Herbert M. Bingham,* of Counsel, argued the cause orally.

*Mr. H. J. Freebourn,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an action by Marshall Pierce, an infant, by his guardian *ad litem,* plaintiff in the lower court and respondent here, to recover damages for personal injuries sustained by the infant. The defendants below, appellants here, are Safeway Stores, Inc., a corporation, and H. W. Bates. Bates was the driver of a truck owned by Safeway Stores. The case was tried in the district court of Silver Bow county, and a verdict was returned by the jury in the amount of $7,663. Judgment was entered accordingly, but was by the court reduced to $3,183. Appeal is from the judgment so reduced, after new trial was denied.

Plaintiff alleged that he was injured by defendant company's truck by reason of the negligent and careless driving of the defendant Bates and the failure of Bates to sound any warning or signal of danger, and that the proximate and direct result of the negligent and careless acts and omissions of defendants was the injury of plaintiff.

Defendants pleaded contributory negligence on the part of plaintiff, and alleged that the injuries sustained by him were due to his own acts of carelessness and negligence and not any negligence or carelessness of the defendants. Reply was filed by plaintiff denying the allegations of the answer.

There is little conflict or disagreement as to facts. On the afternoon of September 11, 1931, plaintiff, a boy over 13 years of age, and three companions, Ralph Boyer, 15 years old, Brandon Pierce, brother of plaintiff, 15 years old, and Charles Staples, 15 years old, were walking in a westerly direction on the Butte-Anaconda highway about a mile from Butte. They were going to "the Rocker swimming hole." The highway at the scene of the accident is twenty-four feet wide. Eighteen feet of it is paved, and three feet

on each side unpaved. The boys were walking single file on the unpaved part, just off and to the north of the paving. Staples was in the lead, about twenty feet ahead of plaintiff. Brandon Pierce was third, about ten feet behind plaintiff, and Ralph Boyer was about eight feet behind Brandon.

Bates, driver of the truck, came from the east and proceeded toward the boys. He testified that when he saw them they were "all strung out on the shoulder of the highway, walking clear off the concrete." He was proceeding twenty-five or thirty miles an hour in the general direction of the boys. Boyer raised his hand in an endeavor to flag the truck; he testified that after he raised his hand he stood a couple of seconds to see if the truck was going to stop, and that it started to draw in towards the edge of the road, "so I jumped to the side." Bates reached for and threw a banana toward Brandon Pierce and Boyer. The banana was thrown through the right window of the cab of the truck. Brandon and Boyer "went for the banana." Boyer got it. The truck proceeded a few feet without diminution of speed. Plaintiff testified that he heard Ralph Boyer laugh, and started to turn to the left. He placed one foot on the edge of the pavement. The turn brought him in front of the right side of and in contact with the truck. The right front wheel ran over the right foot of plaintiff, and apparently the right front fender, or bumper, knocked him down. He suffered an abrasion on his forehead, some laceration and contusions on his right leg and ankle, and a fracture of the lower right fibula, and a small fracture on the growing end of the right tibia.

Bates described the occurrence. He claimed he was driving about twenty-five miles an hour; that when he saw the boys he grabbed a banana, then lying on the seat beside him, and threw it toward Brandon Pierce and Ralph Boyer; that he did not swerve his car from its course, but drove straight forward. He said that he did not attempt to turn out or away from the boys, and that he gave no warning of his approach.

The road was otherwise clear, except for a car driven by one Archie Opie, a witness in the case, who testified that he was

"approaching from the west about thirty feet from the truck when the accident happened."

Motion for nonsuit at the close of plaintiff's case was made and denied. Motion for directed verdict in favor of plaintiff was made after the evidence was all in, and was denied. Both of these motions were predicated upon the alleged failure of the plaintiff to prove a cause of action, and upon the ground of contributory negligence. The case was submitted to the jury. Defendants excepted to the giving of instructions numbered 9, 16, 19, 21 and 23. These instructions correctly stated the law.

Instruction No. 9 advised the jury that it was not incumbent upon the plaintiff to prove all of the acts of negligence alleged in the complaint to entitle him to a verdict; but, if the evidence introduced was such as to satisfy it by a preponderance of all of the evidence that one or more of said acts of negligence so alleged proximately caused the injury, the verdict should be for the plaintiff. This court approved this principle in the case of *Smith* v. *Bonner*, 63 Mont. 571, 208 Pac. 603, and see cases therein cited.

Instruction No. 16 reads as follows: "You are instructed that a pedestrian and an automobilist have equal rights in the use of a public highway, and neither may with propriety infringe upon or disregard the rights of the other. The pedestrian must use ordinary care for his own safety, and in this state the automobilist must drive his automobile in a reasonably prudent and careful manner, and at a rate of speed no greater than is reasonable and proper under the circumstances existing at the point of operation, taking into account amount and character of traffic, condition of brakes, weight of vehicle, grade and width of highway, condition of surface, and freedom of obstruction to view ahead, and so as not to unduly or unreasonably endanger the life, limb, property or other rights of any person entitled to the use of the highway."

This is almost a verbatim statement of the law as contained in the opinion of this court in the case of *Green* v. *Bohm*, 65 Mont. 399, 211 Pac. 320, which was approved in the cases of

*Autio* v. *Miller*, 92 Mont. 150, 11 Pac. (2d) 1039, 1044, *Mc-Gregor* v. *Weinstein*, 70 Mont. 340, 225 Pac. 615, and *Johnson* v. *Herring*, 89 Mont. 156, 295 Pac. 1100.

In instruction No. 19 the court charged the jury that the ▮ degree of care necessary to be exercised by a child under the law, and by the plaintiff in this case, was the degree of care a reasonable person of his age and understanding would exercise under similar circumstances. An instruction almost identical was approved by this court in the case of *Mason* v. *Northern Pacific Ry. Co.*, 45 Mont. 474, 124 Pac. 271.

Instruction No. 21 told the jury that, if it believed from a ▮ preponderance of the evidence that plaintiff was injured by the truck and that such injury was directly and proximately caused by any of the negligent acts or omissions of the defendants, the verdict should be for the plaintiff, unless plaintiff was guilty of contributory negligence. There was no error in this instruction.

Instruction No. 23 was objected to because it instructed the ▮ jury that it might take into consideration, in fixing the damages, any permanent injuries which had been proved. The instruction was proper under the evidence here. Dr. Reichle, a medical witness for plaintiff, testified that the injury was permanent both to the tibia, or long bone of the leg, and to the heel.

Defendants' objections were directed, not to the law as stated in these instructions, but rather to their applicability under the facts of this case. A consideration of the validity of the instructions as applied to the instant facts leads us to a determination of the two vital questions raised on this appeal. They are: (1) Was the injury to the plaintiff due to his own contributory negligence? And (2) Was the plaintiff's injury due to the negligence of defendant Bates, the driver of the truck?

To state the propositions in another way: The issue turns on the effect of the acts of the driver and the boy. They were the actors, and there is but slight disagreement as to the parts they played. The answer to the question of whether or

not the instructions were properly given, and whether or not the motions for a nonsuit and a directed verdict were properly denied, turns on the sufficiency of the evidence to take the case to the jury.

Bearing in mind the rights and duties of those using the ██ ██ public highways, the rules of contributory negligence as applied to a child, and the rules as stated in *Autio* v. *Miller,* supra, "the issues of negligence .and contributory negligence must be decided by the jury under appropriate instructions, \* \* \* and the settled rule is that a case should not be taken from the jury unless it follows as a matter of law that plaintiff cannot recover upon any view of the evidence, including the legitimate inferences to be drawn from it; every fact will be deemed proved which the evidence tends to prove."

██ Neither this court nor the court below could properly say, as a matter of law, that the action of Bates in driving down an unobstructed highway on the midafternoon of a clear day and passing within one or two feet of a 13 year old boy, at the rate of twenty-five or thirty miles an hour, without sounding a warning or attempting to slacken his speed, was not negligent. (*Taggart* v. *Collins,* 210 App. Div. 671, 206 N. Y. Supp. 635, affirmed in 240 N. Y. 595, 148 N. E. 720; *Kelly* v. *Ludlum,* 9 La. App. 57, 118 South. 781; *Fahey* v. *Madden,* 58 Cal. App. 537, 209 Pac. 41; *Gibbard* v. *Cursan,* 225 Mich. 311, 196 N. W. 398.)

Nor can we say, as a matter of law, that plaintiff, even ██ though he had been warned by his brother of the danger of walking on the pavement, was guilty of contributory negligence in stepping on to the paved portion of the highway, in view of his age, and when, according to the evidence, he had no knowledge of the proximity of the approaching vehicle. (See *Autio* v. *Miller,* supra.)

The questions of negligence and contributory negligence were for the jury, and were submitted under proper instructions. The motions for nonsuit and directed verdict were properly overruled.

The jury having found the issues in favor of the plaintiff, and its findings having been approved by the court in denying defendants' motion for a new trial, they must be deemed final on this appeal.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and ANDERSON concur.