TOOLE, Respondent, v. PAUMIE PARISIAN DYE HOUSE,
Appellant.

(No. 7,286.)

(Submitted November 13, 1934.  Decided December 4, 1934.  Opinion on
Rehearing filed January 5, 1935.)

[39 Pac. (2d) 965.]

*Mr. George W. Howard,* for Appellant, submitted a brief, and argued the cause orally.

194

*Mr. M. J. Doepker* and *Mr. William B. Frame,* for Respondent, submitted a brief; *Mr. Doepker* argued the cause orally.

196

Opinion: PER CURIAM.

Plaintiff in this action obtained a verdict and judgment against the defendant in the sum of $5,500 as damages for physical injuries sustained by her as a result of a fall upon a private roadway in the city of Butte. The complaint alleges, and the evidence, viewed in the light most favorable to plaintiff, shows that she and her husband lived in a house situated on the rear of a lot and numbered 114½ South Dakota Street.

The premises were rented from Delia Cox, who occupied a rooming-house situated on the front of the lot and numbered 114 South Dakota Street. To the north of these premises were buildings held by defendant under lease from Marie Rimbaud. A high board fence separated the two lots. Defendant operated a dry cleaning establishment on the premises leased by it, and owned and operated several trucks. Defendant also maintained a garage and a wash-rack for washing cars, immediately north of the board fence. On the south of the fence there was a private roadway about eight feet wide, running east and west, with a gate at each end. The roadway was bounded on the north by the high board fence, and on the south, adjacent to the lot occupied by plaintiff, by a low fence. Garbage cans were placed in the driveway next to the high board fence for the use of plaintiff and the roomers in the rooming-house at 114 South Dakota Street. The roadway was used by plaintiff as a means of entrance to her home from Dakota Street, and as a means of going to and returning from her landlady's rooming-house on the front of the lot. The plaintiff's husband testified that prior to October 1, when the weather "was not bad," he made complaint to his landlady, to Rimbaud, and to someone "at the Paumie washrack * * * just asked him if he couldn't stop that water from running across the yard there." Whether or not the last-indicated person was an employee of the defendant, and whether or not he was then washing a car of any description, does not appear from the transcript. No complaint was made after the weather turned cold and ice formed on the roadway.

Plaintiff and her husband moved into the house at 114½ South Dakota Street on September 11, 1931. Her husband made a pathway of ashes over the icy portion of the roadway for their use in going to Dakota Street, as well as to the garbage cans. On November 27, at 4 P. M., plaintiff proceeded to the home of Delia Cox, following as best she could the pathway made of ashes. The pathway was not discernible because snow had blown over it. She reached there in safety, stayed about five minutes and then attempted to return by the same

route. On the return trip she fell and sustained the injuries of which she complains. As she started to leave the rooming-house in returning to her home, she said to herself, "My goodness, a person has to be careful not to fall." She said, "I kept walking slowly and carefully as I could, and before I knew it, I had fallen. * * * I was following where I believed this path to be at all times, and I was walking as carefully as I possibly could." She said, "By reason of this snow that had covered it, I could not observe exactly where the outlines of the path were." On cross-examination she said that, as she was about to return to her home from the Cox rooming-house, she said to herself, "I have to be careful or I will fall and break my neck some day." At the time she wore house slippers with leather soles and low heels.

The first point urged by defendant is that the complaint ▮▮ does not state facts sufficient to constitute a cause of action. The question was raised by general demurrer and by objection to the introduction of evidence. Briefly stated, defendant contends that, since it appears from the complaint that plaintiff knew of the dangerous condition of the roadway and made her own path with ashes, and since she knew the path was covered with snow so that it was not discernible, her act in attempting to use the pathway which she had constructed and in stepping off of it was the proximate cause of her injuries, and that in order to state facts sufficient to constitute a cause of action, it was incumbent upon her to allege facts exculpating her from the imputation of contributory negligence.

Ordinarily, the defense of contributory negligence is one that must be pleaded and proved by defendant. (*Birsch* v. *Citizens' Elec. Co.*, 36 Mont. 574, 93 Pac. 940.) A well-established exception to this rule is stated in *Armstrong* v. *Billings*, 86 Mont. 228, 283 Pac. 226, and in cases therein cited, upon which defendant relies. In the Armstrong and other cases where the same rule was applied, such as *Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21; *Badovinac* v. *Northern Pac. Ry. Co.*, 39 Mont. 454, 104 Pac. 543; *Lynes* v. *Northern Pac. Ry. Co.*,

43 Mont. 317, 117 Pac. 81, Ann. Cas. 1912C, 183, the plaintiff's own deliberate, intentional and voluntary act was shown to have caused the injuries. In such cases the rule is that "the plaintiff having alleged in his complaint that the proximate cause of his injury was his voluntary act in jumping from the moving train, he thereupon assumed the burden of alleging facts sufficient to show that in so doing he was not guilty of contributory negligence," or, as stated in the *Armstrong Case,* "the requirement, therefore, is, not that the plaintiff must allege in set terms that he acted as a reasonably prudent person would have acted under the circumstances and was not chargeable with contributory negligence, but that he must allege *facts* from which it must necessarily be implied, or from which it can be reasonably inferred, that, although his act was the, or a, proximate cause of his injury, in so acting he was moved by those considerations for his own safety which would actuate a reasonably prudent person, similarly situated, to do as he did, and that he was, consequently, not guilty of contributory negligence barring recovery."

The rule as stated above in the Armstrong and other cases is undoubtedly correct, but it has no application to the facts here alleged. The fallacy of defendant's argument rests in the supposition that plaintiff's own act as pleaded in the complaint was prima facie the, or a, proximate cause of her injuries. From the complaint before us it does not appear that plaintiff did any act voluntarily that placed her in a place of known danger. According to the allegations of the complaint, she believed she was on the path made of ashes. She did not realize that she had stepped off of it until she had fallen. Moreover, had she voluntarily walked over the icy portion of the highway, she would not necessarily have been guilty of contributory negligence as matter of law.

It is true that more care is required in walking on an icy ▮ or slippery walk or pavement than on others (McQuillin on Municipal Corporations, 2d ed., sec. 3011, note 20; *City of Denver* v. *Hubbard,* 29 Colo. 529, 69 Pac. 508); but "if

200

a pedestrian, although he knows of a defective condition in a sidewalk, has passed over it many times in safety, and believes he can do so again, he is not guilty of contributory negligence *per se,* since in such case there cannot be said, as a matter of law, to be a want of ordinary care. So it is not necessarily contributory negligence to use an icy sidewalk." (McQuillin on Municipal Corporations, 2d ed., sec. 3014.)

Here plaintiff had five minutes before her return trip passed over the pathway in safety. Nothing had intervened to change its condition. We cannot say, as a matter of law, that she was negligent in attempting the return trip, believing, as she alleged, that she was on the pathway which was covered with snow, but that she, "without fault on her part, stepped off of the same and onto the frozen surface of the ridged and slippery ice." The complaint does not, as matter of law, show presumptively that plaintiff's injuries were proximately caused by her own negligent act, calling for allegations exculpating her from the effects thereof, within the rule of the *Armstrong Case* and cases cited therein.

The next contention of defendant is that the evidence shows, as a matter of law, that plaintiff was guilty of contributory negligence barring recovery. The contention is that, since plaintiff knew of the dangerous condition of the roadway and appreciated the danger in attempting to pass over it, her own contributory negligence was the proximate cause of her injuries, and, hence, that she cannot recover. Whether plaintiff was in the exercise of due care for her own safety was a question for the jury to determine, even though she knew of the presence of ice and appreciated the danger incident to attempting to cross it. (*Hynes* v. *Brewer,* 194 Mass. 435, 80 N. E. 503, 9 L. R. A. (n. s.) 598; *Brown* v. *White,* 206 Pa. 106, 55 Atl. 848; *Green* v. *Hollidaysburg,* 236 Pa. 430, 84 Atl. 785; *Holbert* v. *City of Philadelphia,* 221 Pa. 266, 70 Atl. 746, 748, 20 L. R. A. (n. s.) 201; *Lucy* v. *City of Norwich,* 93 Conn. 545, 106 Atl. 762; *Reardon* v. *Shimelman,* 102 Conn. 383, 128 Atl. 705, 39 A. L. R. 287; *Meallady* v. *City of New London,* 116 Conn. 205, 164 Atl. 391;

*Massor* v. *Yates,* 137 Or. 569, 3 Pac. (2d) 784; *Hubbard*
v. *City of Wood River,* 244 Ill. App. 414; *Watkins* v. *Goodall,*
138 Mass. 533; *DeWall* v. *City of Sioux City,* 181 Iowa, 333,
164 N. W. 640; *De Mateo* v. *Perano,* 80 N. J. L. 437, 78 Atl.
162; *Williams* v. *City of New York,* 214 N. Y. 259, 108
N. E. 448; *Evans* v. *City of Utica,* 69 N. Y. 166, 25 Am. Rep.
165; *City and County of Denver* v. *Willson,* 81 Colo. 134, 254
Pac. 253.) In the *Williams Case* just cited, the court said:
"Another point urged against the plaintiff grows out of his
conduct on the occasion of the accident. He had slipped down
on the sidewalk just before he fell the second time and broke
his leg. He pursued his way along the icy sidewalk instead of
crossing the street to a sidewalk which was entirely clear.
This, it is said, was contributory negligence, not merely jus-
tifying, but requiring, the nonsuit. It may have been con-
tributory negligence as matter of fact, but we think it was
a question for the jury."

We recognize that under certain facts the danger may be
so obvious and of such magnitude that it must be held, as
matter of law, that plaintiff was guilty of contributory negli-
gence. Illustrative cases are the following: *Gleason* v. *Fire
Protection Engineering Co.,* 127 Cal. App. 754, 16 Pac. (2d)
750, where the slippery condition was on the roof of a building,
and *Hogan* v. *Metropolitan Bldg. Co.,* 120 Wash. 82, 206 Pac.
959, where the way was on an incline. Here plaintiff believed
she could stay on the path made of ashes even though it
was covered with snow. Had she been able to do so, doubt-
less the journey would have been safe. Moreover, there was
nothing about the condition of the roadway off of the path-
way made of ashes to warn anyone of imminent danger in
stepping upon it. At most, it was such a condition that might
cause one to fall unless exceedingly careful. It is common
knowledge that people every day pass over icy ways in safety.
As was said in the case of *Holbert* v. *City of Philadelphia,*
supra: "Whether the plaintiff exercised proper care in passing
along the sidewalk, and whether she fell from any want of
care on her part, were for the jury. It has been argued that

as she approached the bridge she saw ice on the pavement, both in and outside the tunnel, and that therefore it was negligence for her to attempt to pass through the tunnel. That position, however, is wholly untenable. There was nothing there to admonish her that by the exercise of care she could not pass with safety through the tunnel. She had done so on a previous occasion when the same or similar conditions existed. The danger was not immediate or imminent. The sidewalk was in constant use by the people of that vicinity. Of course, other persons had fallen on the ice there, but many others had passed over it with safety. In fact, just as the plaintiff was entering the tunnel, another person came out of it, and passed her. There were spots or places in the pavement where there was no ice, which the plaintiff attempted to use to avoid the ice. Under the circumstances, therefore, it was not negligence, to be declared by the court, for the plaintiff to use the sidewalk.''

Under the evidence presented here, the issue of plaintiff's contributory negligence was one for the jury.

Defendant complains of the court's refusal to give offered instruction No. 24, reading as follows: ''You are instructed that every party, whether tenant or owner, may use his property as he sees fit in a lawful manner, and when a tenant rents premises, obvious defects, uses made thereof, and general surroundings are presumed to be known to them and the premises in absence of agreement are taken subject to such use and conditions.'' The instruction was properly refused. The right to maintain a nuisance cannot be gained by prescription. (*Hynes* v. *Brewer,* supra.) The fact that defendant had been negligent in causing water to run over the highway before and at the time plaintiff took a lease on her premises, would not affect plaintiff's right to recover damages. (*Leahan* v. *Cochran,* 178 Mass. 566, 60 N. E. 382, 86 Am. St. Rep. 506, 53 L. R. A. 891; *Isham* v. *Broderick,* 89 Minn. 397, 95 N. W. 224.)

Error is assigned in the refusal of the court to give defendant's offered instruction No. 23, reading: ''You

are instructed that if you believe from a preponderance of the evidence in this case that the plaintiff had knowledge of the dangerous condition, if any, and that defendant did not have knowledge of it or in the exercise of ordinary care could not have discovered the dangerous condition, then plaintiff cannot recover.'' This instruction should have been given. It went to the gist of the plaintiff's cause of action, which was grounded upon negligence.

The argument that there was circumstantial evidence adduced tending to show that the defendant in the exercise of reasonable care should have known that ice was forming on the roadway, only emphasizes the necessity for such an instruction. In view of the fact that there was no evidence that the plaintiff or her husband protested against the running of water over the roadway after October 1, and that there was no showing that notice was given the defendant that ice was forming, or had formed, on the roadway, coupled with the fact that the defendant denied that it washed cars on the open rack in freezing weather, the defendant was entitled to have the issue of negligence in this regard submitted to the jury under an appropriate instruction. Without it the defendant was deprived of a fair trial, and specious reasoning cannot alter the fact.

The subject matter of this instruction is not covered by any instruction given. It is contended that instruction No. 9, given, which reads, in part, "plaintiff must prove by a preponderance of the evidence her charges of negligence against the defendant and that this negligence was the proximate cause of the injury, * * * '' is sufficient on this point, if we read into it the charges of negligence contained in the complaint. This cannot be done, for no statement of the case was submitted to the jury; nor does it appear that counsel agreed to submit the pleadings with the instructions, and so far as the record discloses, the jury was not advised, in any manner, as to the ''charges of negligence.'' There is some merit in the contention that the instruction should not have been restricted to knowledge on the part of the ''defend-

ant'' alone, but should have advised the jury that knowledge of defendant's agents and employees constitutes knowledge of the defendant. In view of the fact that the defendant is a corporation, this omission could hardly have misled the jury had the instruction been given; and the instruction will doubtless be corrected on a retrial of the case.

Defendant assigns error in the admission of a photograph ▉ taken of Mrs. Toole, showing her arm shortly after the splints were removed from it. The doctor who treated the plaintiff and who put the splints on and removed them, testified that the photograph shows the condition of the arm some time after he took the splints off. Defendant contends that, before this photograph should have been received in evidence, there should have been a showing made as to where, when and by whom it was taken.

It was, of course, immaterial where the picture was taken. As to the time when it was taken, the evidence discloses that it represented conditions as they existed some time between the time of the fracture and the time of the trial. This, we think, was sufficient as to the element of time. It was also immaterial who took the picture so long as it represented the actual condition of the arm at the time as testified to by the doctor. The court did not err in admitting the photograph in evidence. (Compare *Fulton* v. *Chouteau County Farmers' Co.*, ante, p. 48.)

It is contended that the verdict is excessive; but as a new trial must be had, no good purpose would be served in discussing that question. The remaining assignments of error relate to the giving and refusal of certain instructions other than those here considered. We have also considered these assignments and find that they are without merit. The opinion promulgated December 4 is withdrawn, and this opinion substituted.

The judgment is reversed, and the cause remanded to the district court of Silver Bow county for a new trial.

MR. JUSTICE ANGSTMAN, dissenting: I think instruction No. 23 was properly refused for three reasons: First. Here

it was shown without conflict that defendant's employees were warned of the fact that they were discharging water onto the roadway. Knowledge of that fact made defendants liable for the natural and proximate consequences of its original wrongdoing, even though it could not foresee the particular results which followed. (*Ulmen* v. *Schwieger*, 92 Mont. 331, 12 Pac. (2d) 856.) Thus if A knowingly places an animal on another's land, and it there injures one in the exercise of reasonable care for his own safety, A cannot defend on the ground that he did not know that the animal had vicious tendencies or that it was likely to injure anyone. Knowledge on the part of the defendant of the particular dangerous condition created by water wrongfully discharged by it was unnecessary. (Compare *Fitzpatrick* v. *Welch*, 174 Mass. 486, 55 N. E. 178, 48 L. R. A. 278; *Shipley* v. *Fifty Associates*, 106 Mass. 194, 8 Am. Rep. 318; *Harms* v. *Kuchta*, 141 Md. 610, 119 Atl. 454; and see *Beach* v. *Gaylord*, 43 Minn. 476, 45 N. W. 1095; *Peters* v. *Lewis*, 28 Wash. 366, 68 Pac. 869; *Schlitz Brewing Co.* v. *Compton*, 142 Ill. 511, 32 N. E. 693, 34 Am. St. Rep. 92, 18 L. R. A. 390.)

Second: If knowledge in such a case is necessary, it was still proper to refuse the instruction here because it covered a point about which there was no evidence. The negligence charged in the complaint is that defendant negligently and carelessly discharged great quantities of water onto the roadway; that the water so negligently discharged froze and became ridged and solid and the surface thereof extremely slippery and dangerous; that the water was discharged when it was cold and when defendants well knew that it would become ridged and frozen and the surface rendered extremely slippery and dangerous. The evidence shows that for about a week before plaintiff was injured, the weather each day was below zero and never got above freezing. This evidence was offered by defendant. There was no denial that defendant's servants were warned by plaintiff's husband about discharging water on the roadway. There was no evidence from which the jury could find that defendant did not discover, or in the exercise

of reasonable care could not have discovered, that the water was forming ice, weather conditions considered. The board fence had spaces between the boards through which plaintiff observed that defendant's cars were being washed. Defendant's employees in like manner in the exercise of reasonable care could have observed the condition of the roadway. It is true that defendant submitted some proof that there was no ice in the roadway where plaintiff fell, and that no water was being by it discharged on the roadway. The gist of the defense, however, was that the defendant did not wash cars in cold weather, and did not run water onto the roadway. There was no suggestion in defendant's evidence that if it discharged water on the roadway, it did not know that it would freeze or that ice was there formed.

The evidence of defendant was to the effect that it did not wash cars in subzero weather, and hence did not discharge water on the roadway. There is no evidence in the record from which it could be said that different minds might reach different conclusions with respect to knowledge of .the dangerous condition almost certain to result if water were discharged on the roadway in subzero weather. This being so, there was no necessity for an instruction on defendant's knowledge of the dangerous condition, if the jury was warranted, as it was, in finding that defendant negligently discharged water on the roadway in subzero weather. An instruction need not be given on a point concerning which there is room for but one reasonable conclusion. Under the conditions shown here, knowledge of the exact consequences likely to flow from defendant's acts in discharging water on the roadway was not essential. It is enough if it knew it was discharging water on lands not belonging to it; and particularly is that so where, as here, no issue is presented by the evidence that if it discharged water it did not know it was being frozen and thus made slippery and dangerous. Knowledge will be inferred, under the circumstances here shown, where there is no evidence overcoming the circumstantial evidence that defendant must have had knowledge. (Compare *Robinson* v. *F. W. Woolworth Co.*, 80

Mont. 431, 261 Pac. 253, and *Bury* v. *F. W. Woolworth Co.,* 129 Kan. 514, 283 Pac. 917.)

Third: The offered instruction was properly refused because the point was covered by defendant's offered instruction No. 9, which in substance told the jury that before they could find for plaintiff they must find that she had proved her charges of negligence by a preponderance of the evidence. The complaint as above pointed out alleged that the water was discharged at a time when it was cold, and when defendants knew it would become ridged and frozen, and slippery and dangerous. It does not appear whether the pleadings were submitted to the jury with the instructions. Whether so or not, they were before the jury, and counsel for defendant doubtless took occasion to argue and comment upon the allegations of negligence as alleged in order to make plain to the jury the full purport of instruction No. 9 given at its suggestion. It is a violent assumption to suppose that the jury did not know what the charges of negligence were.

I think the judgment should be affirmed.

Rehearing denied January 18, 1935.