MAYNARD, Respondent, v. CITY OF HELENA, Appellant.

No. 8552

Submitted Feb. 28, 1945. Decided May 25, 1945.

160 Pac. (2d) 484

404

Mr. Lester H. Loble, Mr. Albert H. Angstman, and Mr. Albert Anderson, all of Helena, for the appellant.

Mr. Sherman W. Smith, of Helena, for the respondent.

HONORABLE E. C. COMER, District Judge (sitting in place of Justice ADAIR, disqualified), delivered the opinion of the court.

This is an action brought by the plaintiff and respondent, Marie Maynard, as administratrix of the estate of James M. Lewis, deceased, to recover damages for the death of said decedent, against the defendant and appellant, City of Helena. The issues herein are fairly stated by the defendant and appellant in its statement of the case as follows:

"Plaintiff brought this action to recover damages for the death of James M. Lewis who died at the age of twelve years. The complaint alleges that he met his death while riding a bicycle on Pine Street, in the city of Helena, at a point near where it intersects with Water Street; that at that point there was a drop-off or bank ten feet in height, reinforced by a stone wall, and that no barriers were erected and no warning signs placed to advise the traveling public of the drop-off, which

drop-off was at the south end of said Pine Street, which street sloped at an angle of about fifty degrees to the stone wall in question; that Pine Street makes a sharp turn to the right before it reaches the drop-off and that James Lewis failed to turn to the right but continued over the drop-off where he met death. The negligence of the city is alleged to have consisted of its failure to erect a retaining wall or other barrier at the point in question and of its failure to warn said James Lewis of the fact that the road turned sharply to the right and that there was a drop-off at the point in question. General demurrer to the complaint was overruled and defendant answered.

"The answer admits that James Lewis met death by riding down Pine Street and over the embankment or drop-off, but denies the other allegations of the complaint. As a first affirmative defense the answer alleges that his death was due to and caused by his own negligence and carelessness and that if defendant was in any manner negligent, still his death was due to his own contributory negligence. As a second affirmative defense the answer alleges that James Lewis failed to comply with the city ordinances requiring the licensing of his bicycle and that in consequence he was a trespasser on the street in question and the only duty owed to him by defendant was to refrain from wantonly or intentionally injuring him and that defendant did not wantonly or intentionally injure him. As a third separate defense defendant alleges that the injuries and death of James M. Lewis was due to the negligence and carelessness of Marie Maynard, the plaintiff, in allowing and permitting him to ride his bicycle on the street in question. As a fourth separate defense the answer sets forth that no notice was given to the city as required by section 5080, as amended. The reply put in issue the affirmative allegations of the answer. Verdict was for plaintiff in the sum of $7,000 and judgment was accordingly entered. Motion for new trial was denied and this appeal taken from the judgment."

The defendant and appellant alleges in its brief ten assignments of error by reason of which it is contended the verdict

and judgment given and made in favor of the plaintiff and respondent, and against the defendant and appellant, by the district court, should be set aside. We will take these assignments up in their order.

(1) The first assignment of error is that the district court erred in overruling the general demurrer of the defendant and appellant, City of Helena, to the complaint herein, for the reason the said complaint fails to state facts sufficient to constitute a cause of action against the defendant, and the basis of the argument is that there is no allegation in the complaint alleging the giving of a notice to the respondent city of the time and place where the injury is alleged to have occurred, resulting in the death of the plaintiff's intestate, Lewis, as provided for in section 5080, of the Revised Codes of 1935, as amended by Chapter 122 of the Session Laws of 1937.

This assignment of error must be overruled. The same question was raised and decided adversely to the contention of the respondent herein, in the case of Green v. City of Roundup, Mont. 157 Pac. (2d) 1010, in an able opinion rendered on April 18, 1945, concurred in by all of the justices of this court, wherein the question was given thorough consideration, and the reasons for the decision clearly and definitely stated. We are of the opinion that the district court properly overruled the demurrer of the defendant and appellant, City of Helena.

(2) Assignment of Error No. 2 is that, the court erred in overruling the defendant's objection to the introduction of any evidence, and involves the same question as Assignment No. 1, i.e., the sufficiency of the complaint, and we think it without merit.

(3, 4) The third assignment of error alleges that the court erred in denying the motion for non-suit, and the fourth assignment is that the court erred in denying motion for directed verdict. The defendant and appellant urges in support of these two assignments that the deceased minor, Lewis, was guilty of contributory negligence, and urges that these two boys, before proceeding down the hill in question, stopped

and talked the matter over, and counsel for defendant and appellant further urge "that they knew the hill was steep and dangerous; they could see the road curved at the bottom of the hill; they had just as much warning as they would have had had there been a warning sign, no matter how large, at the top of the hill. With knowledge of the danger, they proceeded down the hill. We think the court should have ruled, as a matter of law, that his own negligence caused the death of the Lewis boy."

Counsel for plaintiff and respondent contend there is no evidence here of contributory negligence, and direct attention to the fact that Jack Burrell, the boy who rode down the hill with Lewis, testified that it was not until he just got about down to the corner that he first knew there was a drop-off, and that he could not bring his bicycle to a stop, because the ground was too soft and the gravel was too loose, and that he was not racing down the hill; that he had never been down Pine Street before; that Jimmie Lewis, decedent, had never been down the hill before; that he had no knowledge whatsoever that if he and the Lewis boy continued down Pine Street, there was a drop-off of ten feet at the end of Pine Street into the next street below, and that when he first found there was a ten-foot drop-off at the end of the street, it was after they had started, and after they had gotten almost to the bottom before he knew it was there. That there is evidence to show that Jimmie Lewis was a well and healthy boy, and normal in every way, and that the bicycle on which the Lewis boy was riding, and the brakes thereon, were in excellent shape.

Counsel for plaintiff direct attention also on the question of contributory negligence; that the city engineer testified that he had been up on Pine Street where it intersects Water Street a few times, and that he did not go down Pine Street because it was very dangerous, very steep, and there was a right-angle turn at the bottom, and that he would feel far safer going down Joliet Street than Pine; that there were no warning or other signs at the top advising that Pine Street was danger-

408

ous; that standing at the top of Pine Street, no determination could be made that the street made a right-angle turn to the right at the bottom, and also, that Otto Krieg, one of the City Commissioners, testified you could stand at the intersection of Joliet and Pine Streets, and see that Pine Street made a right-angle curve at the bottom, while another member of the city council said you could not see the bottom of the hill from the top of the hill.

It is the settled law of this state for many years past, that where the evidence is conflicting as to whether the defense of contributory negligence has been established, the question is one of fact for the jury to determine. Montague v. Hanson, 38 Mont. 376, 99 Pac. 1063; Ahlquist v. Mulvaney Realty Co., Mont., 152 Pac. (2d) 137. The question of contributory negligence was submitted to the jury herein on proper instructions, and by their verdict, the jury has determined the deceased herein was not guilty of contributory negligence, and the determination of the jury is final and should not be disturbed. Williams v. Hample, 62 Mont. 594, 205 Pac. 829; Carey v. Guest, 78 Mont. 415, 258 Pac. 236; Marsh v. Ayers, 80 Mont. 401, 260 Pac. 702; Olson v. City of Butte, 86 Mont. 240, 283 Pac. 222, 70 A. L. R. 1352; Armstrong v. Billings, 86 Mont. 228, 283 Pac. 226; Autio v. Miller, 92 Mont. 150, 11 Pac. (2d) 1039; Pierce v. Safeway Stores, 93 Mont. 560, 20 Pac. (2d) 253; Wise v. Stagg, 94 Mont. 321, 22 Pac. (2d) 308; Fulton v. Chouteau County Farmers' Co., 98 Mont. 48, 37 Pac. (2d) 1025; Toole v. Paumie Parisian Dye House, 98 Mont. 191, 39 Pac. (2d) 965. We find no merit in this assignment of error.

(5) The fifth assignment of error is that, the court erred in denying the defendant's motion for a new trial, and in support thereof the defendant and appellant urges two propositions of law, viz.:

(a) That the verdict is contrary to the law as given by the court to the jury in its Instruction No. 24. Said Instruction No. 24 was given at the request of the defendant, City of Helena, and is as follows: ''You are instructed if you find

that James M. Lewis did not have the bicycle which he was riding on September 12, 1942, registered and licensed as required by the city ordinances at the time he was using the streets in question, then you must find he was a trespasser on the streets. The only duty that the city owes to a trespasser is to refrain from wantonly inflicting injuries or death; hence, if you find that James M. Lewis was a trespasser on said streets, then, unless you find the defendant wantonly inflicted the injuries or death upon him, your verdict must be for the defendant."

The parties hereto admit that the bicycle was not registered or licensed, and it is also agreed that the ordinances, duly enacted, of the defendant city, required such registration. Counsel for the defendant and appellant urges that: "There was no evidence, direct or circumstantial, that the defendant wantonly inflicted injuries or death upon James Lewis. We may say in passing there are two lines of authority on the question. Some hold that the driver of an unregistered vehicle is not barred from maintaining an action for civil liability; others, that he is a trespasser" (citing Vol. 9 Blashfield Cyclopedia of Automobile Law and Practice, secs. 591 and 6054), and then the defendant adds: "But the instruction becomes the law of the case and whether right or wrong, a verdict contrary to it is against law and necessitates a new trial."

We are of the opinion the failure to so register was not a contributing cause to the injury and had no connection therewith. Many years ago the rule was announced in this state that negligence cannot be predicated upon the failure to perform a statutory duty unless the failure to perform the duty imposed and required by the statute is an efficient or proximate cause of the injury of which complaint is made (Monson v. LaFrance Copper Mining Co., 39 Mont. 50, 101 Pac. 243, 133 Am. St. Rep. 549), and the authorities generally sustain this decision. Switzer v. Sherwood, 80 Wash. 19, 141 Pac. 181, Ann. Cas. 1917A, 216; Arizona Copper Co. v. Garcia, 25 Ariz. 158, 214 Pac. 317; Shimoda v. Bundy, 24 Cal. App. 675,

142 Pac. 109; Whitworth v. Jones, 58 Cal. App. 492, 209 Pac. 60; Marland Refining Co. v. Duffy, 94 Okl. 16, 220 Pac. 846, 35 A. L. R. 52; Speight v. Simonsen, 115 Or. 618, 239 Pac. 542, ▮ 43 A. L. R. 1149. We are of the opinion that the evidence of negligence of defendant herein, by a preponderance thereof, sustains the verdict rendered by the jury. Said Instruction No. 24 did not in any way prejudice the defendant and appel- ▮ lant city. It is the duty of the court to sustain the verdict rendered by the jury if there is competent evidence sustaining the verdict. Melzner v. Raven Copper Mining Co., 47 Mont. 351, 360, 132 Pac. 552; Previsich v. Butte Electric R. Co., 47 Mont. 170, 179, 131 Pac. 25; Cashin v. Northern Pac. Ry. Co., 96 Mont. 92, 116, 28 Pac. (2d) 862.

In the case of Berthelote v. Loy Oil Co., 95 Mont. 434, 453, 28 Pac. (2d) 187, 193, an erroneous instruction was given with reference to an oil lease. No objection was made to the instruc- tion. The jury, however, reached a proper verdict. On appeal this court said: "This court has held that where the correct result was reached in the trial of an action at law, even though the jury had admittedly been erroneously instructed, the cause falls within the rule of the statute which forbids this court to reverse a judgment because of any error or defect in the pro- ceedings not affecting the substantial rights of the parties. Sherris v. Northern Pac. Ry. Co., 55 Mont. 189, 175 Pac. 269; see, also, Howell v. Bent, 48 Mont. 268, 137 Pac. 49."

The rule announced in this case is supported by the great ▮ weight of authority and decisions of the courts. In the headnote in 5 C. J. S., Appeal and Error, sec. 1773, p. 1139, the author says: "Where it is clear from the verdict that it̄ is correct, and that no prejudice resulted from erroneous instructions, the rendition of such a verdict may be regarded as a cure of the errors"; and in the same volume, 5 C. J. S., Appeal and Error, sec. 1773, on page 1144, the author says that: "* * * Of course, giving an erroneous instruction is harm- less error where the verdict shows that the jury disregarded

it * * *.'' Many cases are cited in the foot-notes on pages 1139 to 1144 of this volume supporting these propositions of law.

In the case of Jarvella v. Northern Pac. Ry. Co., 101 Mont. ·102, 53 Pac. (2d) 446, 450, the action was brought for damages resulting· to the plaintiff in a crossing collision with a train of the defendant, within the corporate limits of the city of Butte. The court erroneously instructed the jury that it was the duty of the plaintiff approaching the crossing to have stopped, the error in the instruction being that the statute, section 3842, Revised Codes 1935, does not include, within its purview, crossings within the corporate limits of cities or towns. The evidence showed in that case that the plaintiff did not stop before the collision. The jury disregarded this instruction and brought in a verdict for damages for the plaintiff for the injuries sustained in the collision at the crossing. The defendant therein, as herein, contended on appeal to this court ''that the instruction, right or wrong, became the law of the case,'' and that the judgment should be reversed for that reason. This court held the instruction inapplicable to the facts in that case, for the reason that the provisions of said section 3842 excepted crossings within the corporate limits of cities and towns, and in disposing of the contention of the defendant in this regard, this court said, 101 Mont. at page 114, 53 Pac. (2d) at page 450: ''As we have noted, supra, the crossing was partly within and partly without the city limits of Butte, a substantial part of the crossing being within and without these limits. The statute applies to crossings which are outside the corporate limits of a city or town. The word 'outside,' when used as an adverb, as here, means 'without an enclosure or certain limits.' Webster's Dictionary. The crossing was not without the city limits, and therefore under the facts in this case the statute and instruction were without application here. We recognize the correctness of the rule contended for by defendant; but in order for the rule to control here, the instruction must have been applicable. This court will decline to reverse a case where the court below gave in-

412

applicable instructions not followed by the jury. Babcock v. Maxwell, 29 Mont. 31, 74 Pac. 64; Smith v. Barnes, 51 Mont. 202, 149 Pac. 963, Ann. Cas. 1917D, 330. This contention is without merit.''

We are of the opinion that the said Instruction No. 24 ▬ herein was inapplicable to the fact conditions herein, as this instruction defines the duty owing to trespassers, while herein the plaintiff's intestate, Lewis, was not a trespasser but had a legal right to be upon said Pine and Water Streets. We are of the opinion the verdict should be allowed to stand in view of the fact that it is sustained by the evidence. If we were to send this cause back for a retrial, with the further direction that said Instruction No. 24 should not be given, which would presumably result in a similar verdict to the one from which this appeal is taken, the action of this court would simply add to the costs of both plaintiff and defendant, and would be, in fact, the performance of an idle act, specifically prohibited by section 8761 of our Code. Conceivably, no injury was caused the defendant city by the giving of said Instruction No. 24, and we are commanded by the provisions of section 9191, Revised Codes 1935, to disregard error unless it affects substantial rights, and we are of the opinion that no rights of the defendant and appellant city were affected in any way by the giving of said instruction.

(b) Under sub-division (b) of the fifth assignment of error, ▬ the appellant and defendant urges that the court should have granted the motion for a new trial, because of the irregularities in the proceedings of the plaintiff and respondent. During the course of the trial, Doctor Holmes was placed on the witness stand and asked, in substance, if the mother of James Lewis, deceased, was in a condition where she might be paroled if there were adequate moneys to care for her. This evidence was excluded by the court. In the argument to the jury, counsel for plaintiff and respondent again adverted to the matter, and used the following language: ''Is the mother of James M. Lewis in such shape mentally that she could be

released from the state institution for the insane if there were sufficient funds and facilities for taking care of her? You know how she would answer but I can't tell you how she would answer about this. It was objected to. I will say this: It is simply a matter of who is beneficiary in the estate. It is true there are two brothers in service of the United States, both in the army, but the mother is entitled to the greatest share of the estate." Objection was made by Mr. Loble at this point as follows: "I would like to have an exception to the remarks of counsel. That testimony has been removed from the case by objection sustained by the court. Despite that it is now commented on and I assign it as prejudicial error." The court sustained the objection, the court saying: "The jury will remember, of course, to disregard all matters stricken from the testimony or where an objection is sustained by the court and not permitted in evidence." The question of the whereabouts of the mother, or what would be done with the funds of the estate, we think, is wholly immaterial, and the court correctly sustained the objection of the defendant and appellant to the questions asked, and very properly admonished the jury to disregard them.

However, we do not think the cause should be remanded for a new trial on this ground, as it does not appear that the jury was influenced or prejudiced by the remarks of counsel for plaintiff and respondent, in the argument to the jury, considering the fact that the jury was admonished to disregard them. No complaint is made by the defendant and appellant that the verdict returned by the jury is excessive in amount. It does not appear that the remarks of counsel complained of, in his address to the jury, affected the conduct of the jury. In the case of Kinna v. Horn, 1 Mont. 597, at page 599, the court said: "The conduct complained of is that of the defendant Horn and one of his attorneys. It does not appear in any manner that these irregularities affected the conduct of the jury, and this court cannot presume that they did." In 46 C. J. 107, section 69, the rule is set forth as follows: "The statements

414

must have been fairly calculated improperly to influence the jury, and must have produced substantial wrong or miscarriage of justice, and especially are not ground for a new trial where the verdict is well supported by the evidence." A new trial should not be granted unless it causes prejudice to the party complaining. Reynolds v. Great Northern R. Co., 159 Minn. 370, 375, 199 N. W. 108. If the evidence would not have justified any other verdict, a new trial should not be granted for improper argument. Cooper v. Delk, 108 Ga. 550, 34 S. E. 145; City Electric R. Co. v. Salmon, 1 Ga. App. 491, 57 S. E. 926.

(6)   The sixth assignment of error alleges error in the giving, over the defendant's objection, of the offered instruction of the plaintiff, as the Court's Instruction No. 9, as follows: "The Court instructs the jury that if you believe from a preponderance of the evidence that James M. Lewis was a traveler on a public street at the time and place mentioned in the complaint, that then the said James M. Lewis had a right to assume and presume that said street was in an ordinary safe condition, and the said James M. Lewis was not required to make an investigation as to the condition of the street complained of, and he cannot be charged with negligence if he failed to make such an inspection or investigation." This instruction was objected to by the defendant upon the ground it precludes the idea that Lewis should have used ordinary care himself to see the things he ought to see and know by observation. We do not believe there is merit in this objection; we think this instruction, in connection with other instructions, states the law fairly. The jury were instructed in Instruction No. 11, that Lewis should have used reasonable care for his own safety, and in Instruction No. 14, that if they found from the evidence he failed "to use that degree of care ordinarily exercised by children of the same age, capacity, discretion, knowledge or experience, under the same or similar circumstances, and that his failure to use that degree of care was the proximate cause of his death, then your verdict must be

in favor of the defendant.'' We are of the opinion there is no merit in this assignment.

(7) The seventh assignment alleges error in the giving of the court's Instruction No. 6, which instruction reads as follows: "You are instructed that it is an absolute duty of a town or city to keep all the public streets in the city in a reasonably safe condition for people traveling along and over them.'' The objection was taken upon the ground that it makes the city liable as an insurer.

We do not think this instruction makes the city liable as an insurer; the instruction does not say it is the absolute duty of the city to keep the streets in a "safe condition" but in a "reasonably safe condition," for people traveling along and over them. A somewhat similar instruction was given in the case of Leonard v. City of Butte, 25 Mont. 410, 65 Pac. 425, 427; therein the jury were advised that it was the duty of the defendant city to keep sidewalks "in good condition and safe" for the passage of persons traveling over them, the term "reasonably safe" not being used. This court said on appeal of that case: "The paragraph under consideration is inaccurate, in that it omits to state that reasonable care, only, is the measure of duty. Yet, when all of the instructions are read together, we think it apparent that the jury could not have been misled by this error. Paragraph 2 was intended to be a statement of the rule of law as to notice to the city authorities before liability could attach, and it is in connection with the statement of this rule that the inaccurate expression was used. Other paragraphs state clearly and accurately the law relative to the duty of the city generally, and as applied to this particular case. Upon the whole of the instructions upon this point, we think it is clear that the defendant suffered no prejudice.'' We are of the opinion that herein the jury could not in any event have been misled by said Instruction No. 6, for the jury were told in Instruction No. 3 herein, that unless they found, from a preponderance of the evidence, that the defendant city was negligent in some manner, as defined in these

instructions, then there could be no recovery against the city. And, in Instruction No. 18 herein, the jury were instructed that the action was founded on negligence, and unless they found that the death of the said Lewis was a proximate result of the negligence of the defendant, and its failure to exercise due care, their verdict must be for the defendant city. In Instruction No. 23, the court very properly instructed the jury that the defendant city is not an insurer of the safety of its streets, and that if they found the city used reasonable care in maintaining the streets in question, so that the general public, while exercising reasonable care, could use the streets without danger, then the city discharged its full duty toward the decedent, Lewis, and their verdict must be for the defendant city. Said Instruction No. 24, which the court gave at the request of the defendant, which we have heretofore considered in this opinion at some detail, instructed the jury that if the bicycle was not registered, they must find Lewis was a trespasser, and that unless the jury found that the city wantonly inflicted the injuries or death upon him, the verdict must be for the defendant; considering all of these instructions together, we do not think that the defendant city suffered any prejudice by the giving of said Instruction No. 6.

(8) It is further urged in defendant's and appellant's assignment of error No. 8, as a reason for setting aside the verdict herein, that the district court erred in giving the plaintiff's offered Instruction No. 8, which was given by the court as Court's Instruction No. 10. This instruction reads: "You are instructed that one suddenly put in danger is not required imperatively to do that which after the peril is ended it is seen might have been done. The law makes allowance for lack of carefulness or judgment incident to the peril; that under such circumstances a person would not be required to exercise the same judgment that an uninterested by-stander might manifest." We see no error in this instruction. Similar instructions have been given in this state in the past. In the case of Marsh v. Ayers, 80 Mont. 401, at page 410, 260 Pac.

702, at page 704, this court said: "Even had the evidence been as counsel state it on this point, what could ordinarily be done would not be controlling in the second of time in which plaintiff had to make a choice; thus confronted by the peril raised by the sudden appearance of the truck, plaintiff was not required to act unerringly, but only to make such a choice as, under the circumstances, a reasonably prudent man would have made. Daniels v. [Granite] Bi-Metallic [Consol. Min.] Co., 56 Mont. 284, 184 Pac. 836; Mullery v. Great Northern Ry. Co., 50 Mont. 408, 148 Pac. 323. He attempted to turn within the 5 or 6 feet he had, and failed." A similar ruling was given in the case of Burns v. Eminger, 84 Mont. 397, 276 Pac. 437, and in the case of Autio v. Miller, 92 Mont. 150, 11 Pac. (2d) 1039.

(9) The defendant and appellant city urges in assignment of error No. 9, error in the admission in evidence, over its objection, of plaintiff's exhibit No. 8, consisting of three certified copies of claims against the defendant and appellant City of Helena, presented to said city March 11, 1941, each claiming damages for injuries alleged to have been sustained on December 29, 1940, "by reason of the slippery condition of Water Street in the City of Helena, and which said condition caused the overturning of an automobile in which I was riding," each claimant then detailing her respective injuries alleged to have been caused thereby, but neither of these claims made any mention of Pine Street therein. A portion of the complaint alleging damages for said injuries, filed by one of these claimants in the district court of lewis and Clark county, naming said city as defendant, served on said city July 1st, 1941, was read in evidence, wherein it was stated that it was the duty of the defendant city and its officers "to keep said Pine Street in repair and to keep same from becoming in a dangerous condition because of ice, and to keep same in such a condition that a person driving west on Pine Street and onto Water Street, could make the turn onto Water Street with an automobile without danger of continuing over the edge and

side of Pine Street, and off of and over a drop of several feet, caused by the bank on the west side of Pine Street, and to warn this plaintiff and other persons that Pine Street on Pine Street of the existence of ice on Pine Street at the point where Pine Street turns into Water Street, and to warn this plaintiff and other persons that Pine Street did not extend across Water Street, but abruptly turned at that point, and that on the west edge of Pine Street at the point where Pine Street turns, there is and was a steep high bank which any person, and particularly this plaintiff would drive over in attempting to make the turn on Pine Street and when coming off of Pine Street.'' This evidence was admitted by the trial court for the sole purpose of going to the question of notice and knowledge of the defendant city of the dangerous conditions existing on Pine and Water Streets, and the Judge so stated in open court in the presence of the jury and the jury thoroughly understood the purpose of, and the reason why, this evidence was admitted. It is urged by the defendant city that the complaint read in evidence, referred to an alleged dangerous condition because of the ice on Pine Street, while herein the action is predicated, not by reason of the ice being upon either Pine or Water Streets, but because of the failure to warn the plaintiff of the drop-off at the end of Pine Street. It is true that the automobile in which these people were riding, slipped off from the drop-off from Pine Street on to Water Street, because of the icy condition on Pine Street, and went over the drop-off ten feet below to Water Street. We think, however, the trial court was correct in admitting this evidence, for it showed that the defendant city and its officers, on the date of the service of this complaint, read in evidence by the plaintiff, upon it, on July 1st, 1941, several months prior to the time of the injuries and death of the said James M. Lewis, decedent herein, had notice and knowledge of conditions existing on Pine and Water Streets, and that there was a drop-off of ten feet from Pine to Water Street, and that no warning signs were there.

(10)   The tenth assignment of error is that the court erred

in entering judgment for the plaintiff and against the defendant. No argument is submitted in the briefs in support of this assignment.

From a careful review of the record herein, we are of the opinion there is a sufficiency of evidence herein to sustain the verdict of the jury, and that the district court was correct in denying defendant's motion for a new trial.

Mr. Chief Justice Johnson, Associate Justices Morris and Cheadle, and F. S. P. Foss, District Judge (sitting in place of Associate Justice Angstman, disqualified), concur.

Rehearing denied July 5th, 1945.