MOORE, APPELLANT, *v.* INDUSTRIAL ACCIDENT FUND,
RESPONDENT.

(No. 6,146.)

(Submitted September 20, 1927. Decided September 26, 1927.)

[259 Pac. 825.]

*Workmen's Compensation—Construction of Act—Public Offi-
cers—When Within Protection of Act—County Commission-
ers—Inspection of Highways—Duties Nonhazardous.*

Workmen's Compensation—Occupations Included in Act.
  1.   Section 2852, Revised Codes, declaring that if there be or
  arise any hazardous occupation not enumerated in the Workmen's
  Compensation Act, it shall nevertheless come within its provi-
  sions, has reference only to such employments as are of the same
  general character as those enumerated therein, under the rule of
  *ejusdem generis.*
Same—Public Officers—When Within Protection of Act.
  2.   By the amendment of section 2863, Revised Codes (sec. 3,
  Chap. 121, Laws of 1925), bringing elected and appointed paid
  public officers within the protection of the Workmen's Compensa-
  tion Act, only such officers are brought under its provisions as
  are connected with or engaged in hazardous occupations of the
  same general character as those mentioned therein.
Same—County Commissioners—Duties Relating to Inspection of High-
  ways Held not Hazardous Within Meaning of Act.
  3.   *Held,* that the duties of a member of the board of county
  commissioners incident to the inspection and the making of repairs
  of highways are not of an inherently hazardous character, do
  not fall within any of those occupations enumerated in the
  Workmen's Compensation Act and are not of the same general char-
  acter as those mentioned therein (par. 2 above), and that there-
  fore compensation for the death of such an officer in an auto-
  mobile accident on his return from a road inspection tour was
  properly disallowed.

[1]   Workmen's Compensation Acts, C. J., sec. 35, p. 41, n. 8.
Statutes, 36 Cyc., p. 1119, n. 36.
[2]   Workmen's Compensation Acts, C. J., sec. 39, p. 49, n. 52.
[3]   Workmen's Compensation Acts, C. J., sec. 39, p. 49, n. 52.

*Appeal from District Court, Lewis and Clark County; W. H.
Poorman, Judge.*

1.   See 28 R. C. L. 716, 718.
2.   Public officer as within Workmen's Compensation Act, see note
in 44 A. L. R. 1477.

PROCEEDING under the Workmen's Compensation Act by Nina K. Moore to recover for the death of her husband, William A. Moore. From a judgment of the district court, affirming the action of the Industrial Accident Board denying compensation, the claimant appeals. Affirmed.

*Mr. J. Miller Smith, Mr. Paul W. Smith* and *Mr. David R. Smith,* for Appellant, submitted a brief; *Mr. David R. Smith* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, and *Mr. C. N. Davidson,* Assistant Attorney General, for Respondent, submitted a brief; *Mr. Davidson* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

On July 26, 1926, while the three county commissioners of Lewis and Clark county were returning from a trip of examination and inspection of the county roads, the automobile in which they were riding turned over while rounding a sharp curve and William A. Moore, the chairman of the board, was killed. He left surviving and depending upon him a wife and two minor children. Claim was made in their behalf for compensation under the terms of the Workmen's Compensation Act. The Industrial Accident Board denied the claim, and the district court of Lewis and Clark county upon appeal, affirmed the action of the board. Hence an appeal to this court.

The death of Mr. Moore arose out of and in the course of his employment. Under the provisions of section 2863, Revised Codes of 1921, as amended by section 3 of Chapter 121 of the 1925 Session Laws, page 206, elected and appointed paid public officers who are connected with or engaged in hazardous occupations are included as workmen and are entitled to the protection of the Act.

The Compensation Act is intended to apply to all inherently hazardous works and occupations in this state (sec. 2847, Rev. Codes 1921), and it was the intention of the legislature to include all such in sections 2848, 2849, 2850 and 2851, Revised Codes 1921, but in none of these is there any reference to the duties or work of a county commissioner.

Section 2852, Revised Codes 1921, says: "If there be or arise [1] any hazardous occupation or work other than hereinbefore enumerated, it shall come under this Act and its terms, conditions, and provisions as fully and completely as if hereinbefore enumerated."

Respecting the effect of this section this court, speaking through Mr. Justice Galen, in *Page* v. *New York Realty Co.*, 59 Mont. 305, 196 Pac. 871, observed: "The legislature in effect declared: We have enumerated all the hazardous occupations we can think of, but should there be any omitted from consideration and not specified, or new employments arise of like hazardous character, then they shall be considered as included." The court further held that the section had reference *only to such employments or industries, other than those specifically named, as are of the same general character as those then existing or which might subsequently arise,* following the rule of *ejusdem generis.*

The provisions of section 3 of Chapter 121, supra, went no [2] further than to bring paid public officers who are connected with or are engaged in hazardous occupations, within the protection of the Act. It must be held that a hazardous occupation, as contemplated by the Compensation Act, is limited to those occupations enumerated in the Act and to others of the same general character.

The board of county commissioners are the chief executive [3] officers of the county government. Section 4465, Revised Codes 1921, as amended by Chapter 95 of the 1923 Session Laws, page 254, prescribes in twenty-seven sections, either specifically or generally, the duties and obligations of the

board. It is their duty to supervise the official conduct of all county officers and, in some measure, the officers of all districts and other subdivisions of the county. Most of the duties imposed upon the board have to do with the business affairs of the county which must be done while the board is convened at the county seat. Among other duties they are obliged to "lay out, maintain, control, and manage public highways, ferries and bridges within the county and levy such tax therefor as is required by law," and "whenever any public highway becomes obstructed from any cause, or any bridge needs repairing or becomes dangerous for the passage of teams or travelers, the board of county commissioners, or the supervisor of the road district, if there be one, upon being notified thereof, must forthwith cause such obstruction to be removed, or bridge repaired, for which purpose the board of county commissioners or the road supervisor of the district may order out such number of inhabitants of the district as may be necessary to aid in removing such obstruction or repairing such bridge." (Sec. 1627, Rev. Codes 1921.)

The duty imposed upon the commissioners by this section is mandatory and imperative, and a failure to discharge it may be serious to them, as is illustrated by the cases of *Smith* v. *Zimmer,* 45 Mont. 282, 125 Pac. 240, and *Becker* v. *Chapple,* 72 Mont. 199, 232 Pac. 538. But the commissioners are not required to do the work in person: they must cause it to be done. Section 1632, Revised Codes 1921, provides that the "board of county commissioners may direct the county surveyor, or some member or members of said board, to inspect the condition of any proposed highway or highways or work on any highway or bridge in the county during the progress of the work, and before payment therefor  *  *  *  ." It is true that the commissioners, collectively, or through one of their number, deputed for that purpose, may "personally superintend and effectively direct the work of construction and repair upon the highways." (*State* v. *Story,* 53 Mont. 573, 185 Pac. 748), but it cannot be said, as a matter of law, that any of

these activities is inherently hazardous. The mere inspection and examination of county roads does not appear to be hazardous, although accidents in the pursuit of travel happen frequently. But accidents imperiling human life and limb may happen in occupations which in ordinary run of human events certainly cannot be deemed dangerous, as is well illustrated in *Burk* v. *Montana Power Co.*, 79 Mont. 52, 255 Pac. 337.

The legislature has not pronounced the occupation of county commissioner to be hazardous, nor has the Industrial Accident Board, assuming that it has the authority to do so. The board considered the matter but did not "feel justified in attempting to force these officials to carry compensation upon themselves." In this situation the trial court upon the record before it adjudged correctly in affirming the action of the board.

The plight of the unfortunate widow and children of the late commissioner is one which calls strongly upon our sympathy, but we, too, are powerless to do other than enter an order of affirmance.

In view of the reluctance of the board to declare the occupation hazardous upon a proper showing (conceding that it had authority to do so), it would seem that if the occupation is to be so declared resort must be made to the legislature.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES MYERS, STARK, MATTHEWS and GALEN concur.