(No. 6946.   July 18, 1941)

J. C. JUSTUS, Plaintiff, v. T. M. DeCOURSEY, R. S. BROWN and FRANK PIERSALL, Constituting the Board of County Commissioners of Canyon County, Defendants.

(115 Pac. (2d) 756)

Creed W. Mullins, for Plaintiff.

V. K. Jeppesen, prosecuting attorney for Canyon County, for Defendants.

Bert H. Miller, Attorney General, and Robert M. Kerr, Jr., and M. Casady Taylor, Assistant Attorneys General, Amicus Curiae.

GIVENS, J.—On the second Monday in January 1941, defendants, the board of county commisisoners of Canyon County, set up under and in compliance with Chapter 12, Title 30 I. C. A., the budget for the ensuing year, containing among other items, $44,000, the maximum amount which the board estimated could be raised by a levy of 2 mills on the dollar on all taxable property in said county, authorized by Sec. 30-3301 I. C. A. as amended by 1939 S. L. Ch. 182, page 349. Thereafter 1941 S. L. Ch. 66, page 127, carrying an emergency clause, page 130, became effective the date of the approval, March 3, 1941, authorizing a three mill levy.

Whereupon, June 18, 1941 defendants passed a resolution[1] declaring an emergency in Canyon County as to

---

[1] "RESOLUTION

"WHEREAS, it is provided by Chapter 66 of the Session Laws of the State of Idaho for the year 1941, that the several Boards of County Commissioners of the respective counties in the State of Idaho have the jurisdiction and power, under such limitation and restrictions as are prescribed by law, to care for and maintain the indigent sick or otherwise dependent poor of their respective counties. And for this purpose, said Boards are authorized to levy an ad valorem tax not exceeding 3 mills on the dollar of all taxable property in the respective counties, and,

WHEREAS, the Attorney General of the State of Idaho, in an opinion dated April 7, 1941, ruled that in view of the fact that he had found no authority to the contrary, that an additional levy in good faith might be made by the county officers without the incurrence of personal liability, and,

WHEREAS, under the budget for Canyon County, as finally approved, it would be possible to levy only to the extent of 2 mills, and

WHEREAS, Canyon County is faced with a serious relief situation because of the fact that the funds, which can be raised under said 2 mill levy, will be insufficient to care for the needs of persons entitled to public assistance, as provided in Paragraph 1, Section 1, Chapter 66 of the 1941 Session Laws, and

WHEREAS, the serious condition in Canyon County is further aggravated by the fact that the State Department of Public Assistance has advised the Commissioners of said County that unless they make a levy of 3 mills, as provided by said Chapter 66 of the 1941 Session Laws, to care for the relief problems in said county for the

the relief situation therein, and that the 2 mill levy was insufficient, that they had been notified unless a 3 mill levy was made, cooperation from state funds would be withdrawn, and accordingly increased the relief levy from two to three mills.

Plaintiff, as a taxpayer in Canyon County, in this original proceeding resists such action as violative of the county budget law, supra, in that the budget having been fixed in January, could not thus be later changed.

Defendants urge lack of jurisdiction in this court because the board was exercising discretionary powers. Plaintiff contends the board was exceeding their jurisdiction to act, not that it was abuse of discretion.

■ Being a question of jurisdiction and a matter of state wide importance which should be promptly decided, the application is not improper. *Williams v. Lewis,* 6 Ida. 184, 54 P. 619; *Baker v. Gooding County,* 25 Ida.

current fiscal year, the said State Department of Public Assistance will not provide State funds such as have been provided in the past, or at all, in caring for eligible persons in need of, and eligible for, public assistance, and

WHEREAS, in anticipation of additional funds to be raised by a 3 mill levy, the Board of County Commissioners of Canyon County have cooperated with the State Department of Public Assistance, and have expended funds based upon said cooperation, an amount which would be equivalent to the amount raised by the 3 mill levy.

NOW, THEREFORE, BE IT RESOLVED, by the Board of County Commissioners of Canyon County, Idaho, that in order to avoid the crisis which would otherwise follow, and in order to obtain the cooperation and participation of the State Department of Public Assistance, and in accordance with the aforementioned opinion of the Attorney General of the State of Idaho, it is hereby declared that the Board of County Commissioners of Canyon County will, at the time fixed by law, levy an ad valorem tax of 3 mills on the dollar on all taxable property in Canyon County, Idaho, as provided by said Chapter 66 of the Session Laws of 1941, in order to furnish funds for expenditures now being made by the said Board of County Commissioners, and to care for the aforementioned persons for the current fiscal year."

T. M. DeCoursey
Chairman

ATTEST:
F. Kuehn, Jr.
Clerk"

506, 138 P. 342; *State v. Leonardson,* 51 Ida. 646, 9 P. (2) 1028; *Taylor v. Girard,* 54 Ida. 787, 36 P. (2) 773.

Plaintiff's position as to the bar of the budget law however, is not well taken because that law itself expressly provides for contingencies such as this arising after the initial setting up of the budget:

Section 30-1205 I. C. A.: " . . . . In the event of any unforseen contingency arising, which could not reasonably have been foreseen at the time of making the budget, and which shall require the expenditure of money not provided for in the budget, the board of county commissioners, by unanimous vote thereof, shall have the right to make an appropriation from the 'general reserve appropriation' to the office, department, service, agency or institution in which said contingency arises, in such amount as shall be determined by resolution of said board. . . . "

Such provision is clearly applicable herein. *Lloyd Corporation v. Bannock County,* 53 Ida. 478, 25 P. (2) 217 (original opinion ) ; *State v. Superior Court,* (Wash.) 261 P. 90; *In re Protest of Cities Service Gas Co.,* (Okl.) 19 P. (2) 546; *Los Angeles County v. Payne,* (Cal.) 66 P. (2) 658; *State v. District Court,* (Mont.) 91 P. (2) 399; *McKinney v. Helms,* (Ind.) 2 N. E. (2) 800; *Jefferson County Fiscal Court v. Jefferson County,* (Ky.) 78 S. W. (2) 324. See also, Section 30-1208, I. C. A.

The legislature perforce knew the counties had made their budgets prior to the effective date of the three mill levy amendment. The legislature must have intended the amendment to be operative in the current year because of the emergency clause, hence the 1941 amendment clearly extended the powers of the county commissioners under the budget law, if it did not in fact amend such law, thereby empowering them to make the three mill levy for 1941, even though the budget had already been set up on the two mill basis.

Since the levy is not made until September (Sec. 61-801 I. C. A.) there is no occasion to issue warrants and allow them to remain unpaid but the additional levy authorized by the 1941 amendment may be made.

Writ denied.

BUDGE, C.J., and MORGAN, J., concur.

AILSHIE, J., concurs in denial of the writ.

HOLDEN, J., specially concurring in the conclusion reached:

The 1941 legislature (1941 S. L. ch. 66, pp. 127, 128) amended Section 30-3301, I. C. A. (previously amended in 1935, 1937 and 1939), inter alia, by providing as follows:

"Power of Boards of County Commissioners.—The boards of county commissioners in their respective counties shall have the jurisdiction and power under such limitations and restrictions as are prescribed by law,

1. To care for and maintain the indigent sick or otherwise dependent poor of the county and for this purpose said boards are authorized to levy an ad valorem tax not exceeding three mills on the dollar on all taxable property in the county.

2. ...."

This subdivision, like the statute prior to amendment, imposes the duty upon boards "to care for and maintain the indigent sick or otherwise dependent poor," and having imposed such duty, it was necessary to, and the legislature therefore did, authorize the levying of a tax to enable boards to discharge that duty. Hence boards, under this statute prior to amendment were authorized to levy up to two mills, and under the 1941 amendment a maximum of three mills.

Section 30-1205, I. C. A., provides that:

" ... In the event of any unforseen contingency arising, which could not reasonably have been foreseen at the time of making the budget, and which shall require the expenditure of money not provided for in the budget, the board of county commissioners, by unanimous vote thereof,

shall have the right to make an appropriation from the 'general reserve appropriation' to the office, department, service, agency or institution in which said contingency arises, in such amount as shall be determined by resolution of said board. . . . "

It will be observed this section *does not provide for nor authorize the levy of a tax* in the event a contingency arises "which could not reasonably have been foreseen at the time of making the budget." It simply provides that in the event a contingency does arise which could not reasonably have been foreseen at the time of making the budget, the board "shall have the right to make an appropriation from the *'general reserve appropriation'* to the office, department, service, agency or institution in which said contingency arises, in such amount as shall be determined by resolution of said board." (Italics mine.) In other words, all that section 30-1205, supra, authorizes a board to do in the event a contingency arises which could not reasonably have been foreseen, is simply to transfer funds from the "general reserve appropriation" to the "office, department, service, agency or institution in which said contingency arises."

We turn now to Section 30-1208, I. C. A., where we find it is provided:

"Upon the happening of any emergency caused by fire . . . . or to meet mandatory expenditures required by law, . . . . the board of county commissioners may, upon the adoption by the unanimous vote of the commissioners, of a resolution stating the facts constituting the emergency and entering the same upon their minutes, make the expenditures necessary to . . . . provide for and meet such emergency."

From which it is clear boards may (a) in the event of any sudden or unexpected occurrence calling for immediate action (an emergency) such as fire, flood, epidemic, riot or insurrection, expend whatever sum is necessary to meet the specific emergency, and that boards may (b) also expend whatever sum is necessary "to meet mandatory expenditures required by law" in the absence of a riot, insurrection or any other emergency mentioned in the statute, which clearly have nothing whatever to do with

the mandatory governmental duty of caring for the indigent sick and dependent poor.

The duty to care for the indigent sick and dependent poor is, as above pointed out, mandatory, but whether a tax of one, two, or three mills shall be levied is discretionary, in that the board is not required to levy the maximum. If one mill is sufficient to enable a board to discharge that duty, then the board may levy a tax of one mill; if two mills are required, it may levy a tax of two mills; and if three mills are required, it may levy a tax of three mills.

Here the record discloses the board included in its budget a levy of two mills, the limit under then-existing legislation, which levy, it appears, is not sufficient to enable the board to fully discharge its mandatory duty, and since the legislature by the 1941 amendment, authorized the levy of three mills (an increase of one mill) the board may now, in the exercise of the discretion vested in it and the performance of a mandatory governmental duty, levy an additional tax of one mill.

For the foregoing reasons the writ should be denied.