BURKE et al.; Appellants v. SULLIVAN et al., Respondents
Nos. 9254, 9264
Submitted October 15, 1953. Decided January 5, 1954.
265 Pac. (2d) 203.

Ralph J. Anderson, Helena, for appellants.

N. A. Rotering, County Atty., J. Frank Sullivan, William B. Freebourn and John T. Prothero, Deputy County Attys., Butte, for respondents.

Mr. Anderson, Mr. Freebourn and Mr. Sullivan argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiffs, as electors and taxpayers of Silver Bow County, brought this action to have certain emergency warrants declared invalid and void and for an order restraining and enjoining their payment. Upon the filing of the complaint an order to show cause and temporary restraining order were issued. Defendants filed a motion to dissolve and vacate the temporary injunction and restraining order, and separate demurrers, both general and special, were filed by the county, the county treasurer and the county commissioners.

The motion to dissolve and vacate and the demurrers were heard together and sustained. Thereafter judgment was entered for a dismissal of the action.

One appeal was taken from the order dissolving and vacating the restraining order and a separate appeal was taken from the judgment of dismissal. This court granted leave to file but one transcript and brief since the two appeals present substantially the same question.

The turning point in the case is whether the defendant board of county commissioners may pass resolutions for the issuance of emergency warrants for the purpose of meeting expenses of the county required by law to be paid, without giving notice of a public hearing as provided in paragraph 1, sec. 16-1907, R. C. M. 1947.

Plaintiffs contend it may not, whereas defendants take the position that the county commissioners have authority to do so to meet "mandatory expenditures required by law" without notice under the express provisions of paragraph 5, sec. 16-1907, R. C. M. 1947. That paragraph reads: "Upon the happening of any emergency caused by fire, flood, explosion, storm, earthquake, epidemic, riot or insurrection, or for the immediate preservation of order or of public health, or for the restoration of a condition of usefulness of which has been destroyed by accident, or for the relief of a stricken community overtaken by calamity, or in settlement of approved claims for personal

injuries or property damages, exclusive of claims arising from the operation of any public utility owned by the county, or to meet mandatory expenditures required by law, the county commissioners may, upon adoption by unanimous vote of all members present at any meeting, the time and place of which all members shall have had reasonable notice, of a resolution stating the facts constituting the emergency, and entering the same upon their minutes, make the expenditures or incur the liabilities necessary to meet such emergency without further notice or hearing.'' If paragraph 5 of section 16-1907 does not apply then the warrants are invalid under paragraph 2 of section 16-1906.

The complaint alleges, and for the purpose of the demurrer and motion to quash it is conceded, that the notice referred to in paragraph 1 of section 16-1907 was not given nor was there compliance with paragraph 2 of that section. Likewise all proceedings here took place before the passage of Chapter 159, Laws of 1953, and hence we are not concerned with that amendment.

In the complaint it is alleged in paragraph XXV: ''That none of said expenditures in excess of the budget adopted for the fiscal year 1951-52 which were attempted to be authorized by the purported resolutions of the defendant Board of County Commissioners of Silver Bow County were the result of an emergency caused by fire, flood, explosion, storm, earthquake, epidemic, riot or insurrection or for the immediate preservation of order or public health or for the restoration of a condition of usefulnss of which had been destroyed by accident or for the relief of a stricken community overtaken by calamity or in settlement of approved claims for personal injuries or property damages exclusive of claims arising from the operation of any public utility owned by the county and that none of said emergency warrants were issued or to be issued pursuant to an order of a court of competent jurisdiction or to meet mandatory expenditures required by law arising out of the happening of any

378

of the above mentioned calamities, or any of them in this paragraph hereinabove set forth.''

This allegation fairly presents the contention of plaintiffs which is that the phrase ''mandatory expenditures required by law'' should be qualified by construction to be such as arise out of some of the calamities mentioned in the first part of paragraph 5 or of like calamities under the doctrine or rule of *ejusdem generis*.

The doctrine of *ejusdem generis* is one of construction and means ''that where an enumeration of specific things is followed by some more general word or phrase, such general phrase is to be held to refer to things of the same kind as those enumerated.'' Aleksich v. Industrial Accident Fund, 116 Mont. 127, 151 Pac. (2d) 1016, 1021; Moore v. Industrial Accident Fund, 80 Mont. 136, 259 Pac. 825; State ex rel. Bowler v. Board of County Com'rs, 106 Mont. 251, 76 Pac. (2d) 648.

Before the doctrine of *ejusdem generis* can have application the general words must be associated with the specific words. ''In accordance with the rule of ejusdem generis, such terms as 'other,' 'other thing,' 'other persons,' 'others,' 'otherwise,' or 'any other,' when preceded by a specific enumeration, are commonly given a restricted meaning, and limited to articles of the same nature as those previously described.'' 50 Am. Jur., Statutes, sec. 249, p. 246. And to the same effect is 82 C. J. S., Statutes, sec. 332, p. 662.

''The doctrine is to be resorted to, not to obscure and defeat the intent and purpose of the legislature, but to elucidate its words and effectuate its intent.'' 82 C. J. S., Statutes, sec. 332, p. 664. It ''does not warrant the court in subverting or defeating the legislative will by confining the operation of a statute within narrower limits than intended by the lawmakers.'' 50 Am. Jur., Statutes, sec. 250, p. 247. And see Burk v. Montana Power Co., 79 Mont. 52, 255 Pac. 337.

Here the general words of the statute are not associated in any way with the specific words enumerating the different types of calamities which may give rise to an emergency. The

general words embrace an entirely different subject matter from those characterized by the specific words. There is no room for the operation of the doctrine of *ejusdem generis* without defeating the will of the legislature.

R. C. M. 1947, sec. 16-1907, paragraph 5, means what this court said it meant in State ex rel. Valley Center Drain District v. Board of County Com'rs, 100 Mont. 581, 51 Pac. (2d) 635, 639. That case involved assessments for each of the years 1931, 1932, 1933, and 1934, which had been certified and filed each year with the clerk of the district court and set for hearing, heard and approved by the judge of the court. There was in that case no calamity of any kind that gave rise to the claims, nor was there any reason why the claims should not have been budgeted when the original budget was prepared. This court in that case said: ''That law [referring to R. C. M. 1947, sec. 16-1907, par. 5] provides that on the happening of certain emergencies or to meet mandatory expenses required by law, the county commissioners may at any meeting adopt a resolution stating the facts constituting the emergency and enter the same on their minutes, and may thereafter make the expenditures and incur the liabilities necessary to meet such emergency without further notice or hearing * * *. It will thus be observed that the Budget Law does not constitute a legal barrier to the discharge of this indebtedness; that is, to the payment of the judgments here under consideration, which must be held to be 'mandatory expenditures required by law.' '' And to the same effect is State ex rel. Helena Housing Authority v. City Council of City of Helena, 108 Mont. 347, 90 Pac. (2d) 514, in construing a statute applicable to municipalities which was identical in terms with R. C. M. 1947, sec. 16-1907, paragraph 5. The Supreme Court of Idaho and particularly the special concurring opinion of Justice Holden, has reached the same conclusion under an identical statute, Justus v. DeCoursey, 63 Idaho 29, 115 Pac. (2) 756, as also has California in Los Angeles County v. Payne, 8 Cal. (2d) 563, 66 Pac. (2d) 658. This has been the administrative interpretation of the Act by the attorney general for many

years. See Opinions, Attorney General, Vol. 14, p. 365, Vol. 22, p. 175, Opinion No. 108, Vol. 18, p. 163, Opinion No. 150.

Plaintiffs contend that this conclusion renders the County Budget Act of no force and effect. If this is so the remedy lies with the legislative assembly and furnishes no authority to this court to rewrite the statute.

The allegations of the complaint do not question the purpose of any of the warrants as not being for "mandatory expenditures required by law" if that phrase is not qualified by the doctrine of *ejusdem generis.* In other words, the only attack made upon the warrants is that they are not for "mandatory expenditures required by law" since they do not spring from one or more of the calamities mentioned in R. C. M. 1947, sec. 16-1907, paragraph 5, or from a similar calamity. The court properly sustained the demurrers to the complaint.

Plaintiffs have assigned error in not permitting them to file an amended complaint after the demurrers were sustained. No argument is made in the brief in support of this assignment of error nor was the matter argued orally, and under repeated decisions of this court the point is deemed waived. Maynard v. City of Helena, 117 Mont. 402, 160 Pac. (2d) 484; Miller Ins. Agency v. Home Fire & Marine Ins. Co., 100 Mont. 551, 51 Pac. (2d) 628, and cases therein cited.

The judgment is affirmed.

MR. JUSTICES BOTTOMLY, FREEBOURN and ANDERSON, concur.

MR. CHIEF JUSTICE ADAIR:
I dissent.