PATRICIA WESTERN La CHUTE, Plaintiff and Appellant, *v.* JOE BRINSKI, Defendant and Respondent, (Two Cases.)

Nos. 9530, 9531.
Submitted November 19, 1957. Decided February 19, 1958.
321 Pac. (2d) 1080.

G. L. Jeffries, Roundup, Leavitt & Lucas, James P. Lucas, Miles City, G. J. Jeffries, argued orally, for appellant.

Colgrove & Brown, Miles City, Roland V. Colgrove, Miles City, argued orally, for respondent.

THE HONORABLE WILLIAM R. TAYLOR, District Judge, sitting in place of MR. JUSTICE BOTTOMLY.

Two cases filed by plaintiff for injunctive relief and damages against defendant in the district court of Custer County were consolidated for trial; a jury returned a general verdict in each case in favor of defendant and against plaintiff; the court made findings of fact and conclusions of law in favor of the defendant and against the plaintiff in both cases. It does not appear from the record whether the jury was to act solely on the question of damages or whether it was to act in an advisory capacity. No question of procedure was raised on this appeal. The appeals are from the judgments entered and were consolidated for argument.

Plaintiff is the owner of a farm, inherited from her father

in 1939, consisting of approximately 150 acres, described as Lots 1, 2 and 3 in the NE¼ of the NE¼ of Section 23, Township 7 North, Range 47 East, Montana Principal Meridian.

Defendant is the owner of adjoining land described as the E½ of the SE ¼ of Section 14. Federal Highway 212 and the Tongue and Yellowstone River Canal are a short distance east of the lands owned by plaintiff and defendant, and run in a general northwesterly direction. Between the highway and irrigation canal, and plaintiff's and defendant's lands, lie lands in Section 13 owned by one Todoroff, which adjoin defendant's land. On the west plaintiff's and defendant's lands are bound by the Tongue River. Defendant, to gain entrance to his land, uses a road about 300 feet in length that runs from Highway 212 directly west to the northeast corner of the NE¼ of the SE¼ of Section 14. Plaintiff, within two years prior to trial, purchased a triangular piece of land immediately west of Highway 212, comprised of 2.27 acres of the SW¼ of the NW¼ of Section 13, over which the road so used by the defendant is located. The Tongue and Yellowstone River Canal also crosses this portion of the land, and a lateral ditch, used to irrigate defendant's lands, crosses this portion of plaintiff's land from said Canal to defendant's lands. To gain access to plaintiff's lands it is necessary to use the same roadway that is used by defendant, and to then follow in a southerly direction a sixteen foot lane, which was purchased in 1919 by a predecessor in interest to plaintiff, and which is described as, "lying along and adjoining the west line of the SW¼ of Section 13, extending from the southwest corner of said section north along said west line to the point where said line formerly intersected the main Tongue River Road, as the same was formerly located and established, said strip of land being easterly of said section line."

In the first suit filed, plaintiff contended that waters in the lateral ditch running from the Tongue and Yellowstone River Canal to defendant's lands, and waters from an irrigation ditch owned by defendant on the east boundary of Section 14, and

running parallel to the lane owned and used by plaintiff, and running in a north and south direction along the west boundary of Section 13, flooded plaintiff's lane and caused it to be impassable. In this suit plaintiff sought to enjoin defendant from trespassing upon her lands and interfering with or obstructing plaintiff's land used for said road and right-of-way purposes, or in any manner interfering with her use of the same. In effect, plaintiff sought to prevent defendant from using the roadway joining his land and Highway 212, and from flowing waters in the lateral from the Tongue and Yellowstone River Canal to his lands in Section 14, and to prevent him from flooding the lane so used by plaintiff to gain access to her lands, either by waters from said lateral or from the irrigation ditch running north and south and parallel to her land. In addition, she sought actual damages in the sum of $3,000 and exemplary damages in the sum of $1,500. Defendant denied flooding plaintiff's lane, and based his right to cross the land of plaintiff, both on the roadway and for the lateral from the Tongue and Yellowstone River Canal, on rights acquired by prescription.

Both plaintiff and defendant introduced testimony by qualified, licensed and expert engineers, and because of an inability to agree upon the exact location of a certain quarter-section marker, the engineers were unable to agree upon the location of the section line. Based upon the conclusion of one of the engineers, plaintiff and her counsel, by some legerdemain impossible to comprehend, concluded that the defendant's irrigation ditch running northerly and southerly along the east boundary line of defendant's land, and a wire fence constructed between said ditch and plaintiff's lane, had since 1950 been moved and were located on the land owned by plaintiff.

There is no basis for such conclusion. The uncontradicted testimony of witnesses familiar with the lands, roadway, ditches, fences, drainage, and entry to plaintiff's land, from as early as 1903, establish that the position and location of defendant's irrigation ditch, the fence, and plaintiff's lane,

234

have never been changed since their original construction, more than thirty years ago. The testimony established that the lane embraced on plaintiff's land is boggy because the natural drainage of the land is to the west and that rain waters, melting snows and irrigation drainage waters collect in this area.

The verdicts and the court's findings and conclusions to the effect that both plaintiff and defendant, as well as the public in general, have the right to use the roadway running due west from Federal Highway 212 to defendant's residence and plaintiff's lane located on the west of section 13; that defendant had a prescriptive right to the lateral running from his lands on Section 14 to the Tongue and Yellowstone River Canal; that the defendant has not flooded the lane; and, that defendant is entitled to the use of his irrigation ditches as presently located without interference from plaintiff, and plaintiff is entitled to the use of her lane as presently located without interference from the defendant, are amply supported by the evidence.

In her second suit, plaintiff contended that defendant wrongfully, unlawfully, and without right, constructed a dike on the Tongue River that subjects her lands to flooding; washing, waste and destruction, and that in constructing the dike, defendant entered upon her lands and excavated and removed large quantities of earth and dirt therefrom, and destroyed trees and verdure thereon. By her suit, plaintiff sought to compel defendant to remove the dike as constructed, and to recover $5,000 actual damages, and $1,000 exemplary damages from the defendant. Defendant defended on the ground that he obtained plaintiff's permission to construct the dike and to use the dirt from her land, and that by constructing the dike, the channel of the Tongue River was changed, and the further washing and erosion of both his and plaintiff's lands bordering on the Tongue River were prevented. The jury so determined, and the court accepted their verdict and caused judgment to be entered in accordance therewith.

Plaintiff's tenant and defendant testified that defendant requested the tenant to write to plaintiff to explain his purpose and method of proposed construction of the dike; that the tenant wrote a letter to plaintiff explaining the proposed dike, its purpose, and method of construction, and that plaintiff, by telephone, instructed her tenant to convey to defendant her consent of the proposed construction. Plaintiff denied giving such consent, and on the trial objected to the giving of instructions to the effect that no trespass was committed by defendant against plaintiff if the dike was constructed partly on plaintiff's lands and with dirt removed from her land, with plaintiff's consent, or by consent of some person authorized by her to so consent. In appellant's brief and argument to this court, no argument is made, and no citation of authority is given, on this question.

While the appellant has assigned as error the making of certain findings of fact and conclusions of law and in rejecting requested findings and conclusions, yet none of these were argued either in appellant's brief or in her argument before this court and therefore we find no merit in them.

Where a verdict is supported by substantial though conflicting evidence it will not be disturbed on appeal and this court generally refuses to disturb an inferior tribunal's finding, supported by substantial evidence, unless gross errors of law are shown.

Defendant, in his first and second affirmative defenses to plaintiff's first suit, claims that he acquired the right of use of the roadway and to the lateral ditch by prescription. Plaintiff cites five Montana cases which set forth the elements necessary to acquire rights by prescription, and denies that some of the elements have been established by the evidence. Here, too, plaintiff's position is merely a quarrel with the results reached by the jury and the court, based upon substantial evidence.

The five cases cited by plaintiff defining the elements necessary to establish rights by prescription are the only cases cited in plaintiff's brief. Her failure to present authority and

to argue in reference to her other many alleged specifications of error are deemed a waiver of such contentions and specifications. Burke v. Sullivan, 127 Mont. 374, 265 Pac. (2d) 203; Miller Ins. Agency v. Home Fire & Marine Ins. Co., 100 Mont. 551, 51 Pac. (2d) 628; Butte Miners' Union No. 1 v. Anaconda Copper Mining Co., 112 Mont. 418, 118 Pac. (2d) 148.

The judgments of the lower court are affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.