No. 81-87

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

STATE OF MONTANA,

Plaintiff and Appellant,

-vs-

HAROLD DeMERS, Jefferson County
Sheriff,

Defendant and Respondent.

Appeal from: District Court of the Fifth Judicial District,
In and for the County of Jefferson, The Honorable
Frank Blair, Judge presiding.

Counsel of Record:

For Appellant:

Hon. Mike Greely, Atty. General, Helena, Montana
Patrick F. Flahery, County Attorney, Boulder,
Montana

For Respondent:

Gene Picotte, Clancy, Montana

Submitted on Briefs: May 1, 1981

Decided: JUN 2 1981

Filed: JUN 2 1981

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

In an action by the State against the Jefferson County sheriff seeking treble damages for receiving prohibited fees, the District Court granted defendant sheriff summary judgment. The State appeals. We affirm.

The salient facts disclose that on January 20, 1981, the Jefferson County attorney filed a complaint in the name of the State of Montana against the Jefferson County sheriff, alleging that the sheriff had received and appropriated to his own use a check for $100 drawn on State Prison funds in violation of section 7-4-2519, MCA. It appears from documents attached to the complaint that the check was payable to "Harold DeMers" and was sent to the sheriff as reward money for costs related to the search and apprehension of an escapee from the State Prison who was captured near Gold Creek in Powell County, Montana. The complaint sought judgment that the sheriff had received the $100 reward in violation of section 7-4-2519, MCA, and that the sheriff repay treble the amount received to the State Prison. It appears from a receipt attached to the complaint that the sheriff had refunded the $100 to the State Prison prior to the filing of the complaint.

The gist of the sheriff's answer to the complaint was a denial of the alleged violation, coupled with a claim that the money was sent to him as a reward for his personal use.

The sheriff submitted an affidavit giving his version of the facts and moved for summary judgment. The State countered with an affidavit of the county attorney giving his version of the facts and seeking a continuance of the hearing on the sheriff's motion for summary judgment to enable him to utilize discovery procedures to extract further facts from reluctant witnesses.

We need not detail the evidentiary facts disclosed by

these affidavits. We note, however, that the opposing affidavits of the county attorney on the one hand and the sheriff on the other, disclose factual disputes concerning whether the money was sent to the sheriff for his personal use, whether the sheriff used Jefferson County vehicle and equipment in searching for and apprehending the escapee, and whether the sheriff was acting in the performance of his official duties or simply as a private citizen in searching for and apprehending the escapee.

On February 23, 1981, the District Court denied the State's motion for a continuance, heard oral argument on the defendant's motion for summary judgment, and granted defendant sheriff a summary judgment. The State has appealed from the summary judgment in favor of the sheriff.

We frame the issues on appeal in this manner:

(1) Was the reward money a prohibited "fee" under section 7-4-2519, MCA?

(2) Did a genuine issue of material fact preclude summary judgment?

(3) Did the District Court err in denying the State a continuance?

The county attorney contends that the reward money is a fee as that term is used in section 7-4-2519, MCA, and its receipt by the sheriff and appropriation to his own use is prohibited by that statute. He cites State v. Story (1917), 53 Mont. 573, 165 P. 748, as the leading Montana case for the proposition that any money collected by a public officer from any source whatever without authority of law is prohibited. The State also cites State ex rel. Holt v. District Court (1936), 103 Mont. 438, 63 P.2d 1026 and State ex rel. Matson v. O'Hern (1937), 104 Mont. 126, 65 P.2d 619, in support of its contention that the word "fee" in section 7-4-2519, MCA, encompasses the reward money in this case.

The statute that the sheriff is alleged to have

violated provides:

> "Prohibition upon receiving other fees. The officers named above may receive no other fees for any services performed by them in any action or proceeding or for the performance of any service for which fees are allowed, and the party demanding or receiving any fees not herein allowed is liable to refund the same to the party aggrieved, with treble the amount as damages, in addition to costs of suit." Section 7-4-2519, MCA.

This statute is found in part 25 of Title 7 of the Montana Code Annotated relating to compensation and official fees of county officers. This section of the Code sets up salary schedules for county officers and deputies; provides for monthly affidavits by each county officer of the fees he has collected, monthly remittance of such fees to the county treasurer, and a posting by each county officer of the fees allowed by law; provides that each county officer may receive no other fees for his services in any action or proceeding or for the performance of any service for which fees are allowed in the quoted statute; and finally provides that upon conviction of receiving illegal fees or failing to account for fees collected, the county officer's office must be declared vacant and a successor appointed.

In determining the meaning of the term "fees" in section 7-4-2519, MCA, the section of the Code summarized in the preceding paragraph must be read in the context of other sections of the Code dealing with fees authorized to be charged and collected by county officers. This enables us to construe and interpret the Code as a homogenous whole giving effect to each provision thereof rather than interpreting a specific statute in isolation without reference to other related statutes. Montana Ass'n of Tobacco & Candy Distributors v. State Bd. of Equalization (1970), 156 Mont. 108, 476 P.2d 775.

The fees authorized by law to be charged and collected by the sheriff are expressly set forth in sections 7-32-2141 and 7-32-2142, MCA. They include a fee of $2 for serving a summons

and complaint on each defendant; a fee of $2 for serving a body attachment or order of arrest; a fee of $2 for serving an affidavit, order and undertaking in claim and delivery; a fee of $1 for serving a supoena on a witness; a fee of $4 for serving a writ of possession or restitution; a fee of $5 for trial of the right of property or damages; a fee of $2 for taking  bond or undertaking; a fee of $2 for serving every notice, rule or order; a fee of 25 cents per page for a copy of any writ, process or other paper demanded or required by law; a fee of $2 exclusive of publication costs for advertising any property for sale on execution, under any judgment, or under any order of sale; and a fee to be fixed by the court or judge for taking, keeping or preserving property under attachment, execution, or other process.

These are the "fees" referred to in section 7-4-2519, MCA. When a broader and more inclusive prohibition was intended by the legislature, appropriate language signifying such intent was used.  For example, section 7-4-2511(a), MCA, provides that no salaried county officer may receive for his own use "any fees, penalties, or emoluments of any kind" and section 7-4-2512, MCA, provides that the monthly affidavit of county officers filed with the county treasurer must include a true statement in detail "of all fees and compensations of every kind and nature for official services rendered."  The sheriff is not charged with violation of either of these statutes in this action.

Additionally, there is a specific statute dealing with entitlement of the sheriff to reward money.  Section 7-32-2301, MCA.  This statute uses the term "reward" and does not contain any reference to "fees."  It authorizes the Board of County Commissioners to offer a reward not exceeding $500 for the apprehension and conviction of any person committing a felony in the county and provides that "in no case shall the . . . sheriff . . . be entitled to any part of such reward."  Although this statute

does not apply to a reward from the State Prison, it indicates a legislative intent to treat rewards specifically and independently apart from sheriff's "fees" authorized by law.

Story, supra, cited by the State, does not support the argument that "fees" as used in section 7-4-2519, MCA, includes reward money. That case involved an action to remove a county commissioner from office for charging the county $8 per day for attending to the business of the county and $8 per day for inspecting and overseeing road work. The county commissioner was charged under section 9006, R.C.M. 1907. This statute was entitled "Removal of public officers by summary proceedings" and generally provided for trial and removal from office of a public officer found guilty of charging and collecting illegal fees for services rendered or refusal or neglect to perform the duties of his office. It is not a predecessor of section 7-4-2519, MCA, which the sheriff is alleged to have violated in this case. The meaning of the word "fees" in that statute is a far cry from the meaning of the term "fees" in section 7-4-2519, MCA. Quite the contrary. Story recognized the difference in meaning between the term "fees" as used in different statutes by this language:

> "On the contrary, we find in the Chapter on 'Salaries and Fees of Officers' . . . that it is used in almost every possible sense. For example: . . . in section . . . 3149, [now section 7-4-2519, MCA] and others it imports specific charges to be collected from private individuals for particular services . . ." Story, supra, 53 Mont. at 578, 165 P. at 750-751.

Neither Holt nor Matson is germane to the meaning of the term "fees" as used in section 7-4-2519, MCA. Holt, like Story, involved interpretation of the term "fees" as used in the same statute dealing with removal of public officers by summary proceedings and is inapplicable to this case for the same reasons. Matson relates to the meaning of the term "fees" in another context.

Finally, the plain language of section 7-4-2519, MCA,

indicates that it does not include rewards. Its language limits its application to fees for services performed by the sheriff "in any action or proceeding" or "for the performance of any services for which fees are allowed." The search for and apprehension of a State Prison escapee in another county can hardly be said to be a service performed by the sheriff "in any action or proceeding". Neither can it be said that the sheriff's participation in the capture of the escapee is "the performance of any service for which fees are allowed." The language of the statute could not apply to the reward in this case.

For the foregoing reasons, we hold that the term "fees" as used in section 7-4-2519, MCA, is limited to charges authorized by law to be made by the sheriff for the performance of specific services enumerated in sections 7-32-2141 and 7-32-2142, MCA. It does not refer to or include reward money. Since section 7-4-2519, MCA, is the only statute the sheriff was charged with violating, the sheriff was entitled to summary judgment as a matter of law.

The second issue is whether summary judgment is precluded by the existence of a genuine issue of material fact. We have previously noted in this opinion that factual issues are present in this case. These issues concern whether the reward money was sent to the sheriff for his personal use, whether the county vehicle and equipment were used in the search for and apprehension of the escapee, and whether the sheriff was acting in his official capacity or as a private citizen. None of these are "material facts" within the meaning of Rule 56, M.R.Civ.P., precluding summary judgment. We have held that the reward money is not a fee as that term is used in section 7-4-2519, MCA, the only statute the sheriff is alleged to have violated. Thus the foregoing factual issues are not material to a decision in this case as their resolution could not affect the result.

The final issue is whether the District Court erred in

denying the State a continuance to pursue discovery procedures to secure further facts from reluctant witnesses. In view of our previous holding that reward money is not a fee within the meaning of 7-4-2519, MCA, the development of further facts could not change the result in this case and the State could not have been prejudiced by denial of further discovery of facts. This case turns on the law, not on the facts, and no amount of discovery could affect the result.

Affirmed.

_Frank I. Haswell_
Chief Justice


We concur:

_Daniel J. Shea_

_John Conway Harrison_

_Frank B. Morrison_

_Gene B. Daly_
Justices